16 Cal.App.3d 295 (1971)
93 Cal. Rptr. 881
THE PEOPLE, Plaintiff and Respondent,
v.
ERNEST J. ARCHULETA, Defendant and Appellant.
Docket No. 943.
Court of Appeals of California, Fifth District.
March 26, 1971.
*296 COUNSEL
D.J. Sposeto for Defendant and Appellant.
Thomas C. Lynch and Evelle J. Younger, Attorneys General, Edsel W. Haws and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.
*297 OPINION
BROWN (G.A.), J.
Defendant appeals from a judgment entered upon his plea of guilty to violation of Health and Safety Code section 11530 (possession of marijuana).
The sole ground urged for reversal is the refusal of the trial court to disclose the identity of a confidential informant or, in the alternative, to dismiss the case.
At approximately 3:20 p.m. on August 13, 1969, Officer Russell Williams received a telephone call from a confidential informant he had used on several occasions in the past and who had proven reliable. The informant told the officer, in substance, that there were three subjects in a black Volkswagen with long hair and without shirts, who were drinking beer and believed to be smoking "pot," and they would be in the downtown area shortly.
Very soon thereafter, the officer stopped a black Volkswagen, occupied by three persons. Appellant was seated in the right front. While checking the driver's identification, the officer noted a pistol lying on the right front floorboard and a rifle on the right rear floorboard. He also observed opened and unopened beer cans in the car and a brown paper sack "sitting between the driver's feet, right up against the seat of the car." The sack was torn almost all the way to the bottom. In the sack there appeared to be some plastic bags, which the officer from his experience believed contained marijuana. He checked the guns and found both of them to be loaded, and he thereupon arrested the subjects. The brown sack was removed from the vehicle and found to contain five rolls of marijuana  about 84 grams.
The record is devoid of details upon which the informant based his reported belief that the subjects were smoking "pot." We do not know from what vantage point he made his observation, how close he was to the subjects or to the car, nor whether he actually saw one or more smoking marijuana.
Appellant pleaded not guilty on September 17, 1969. He made a motion for pretrial discovery to obtain the name and address of the informant on October 8, 1969, which was denied on October 31, 1969.[1] On March 19, 1970, some six months after his plea of not guilty and four and a half months after the denial of his discovery motion, the appellant, with advice of *298 counsel, withdrew his plea of not guilty and entered a plea of guilty to the charge. It appears this was a bargained-for plea, the district attorney having dismissed another charge pending against the appellant in return for the guilty plea.
No motion was made under Penal Code section 995 to set aside the information for lack of probable cause, and the appellant did not seek relief by way of mandate upon denial of his discovery motion.
He was sentenced to state prison for the term prescribed by law and now prosecutes this appeal from the judgment after filing a certificate of probable cause under Penal Code section 1237.5.[2]
(1-3) The elements of the crime of possession of marijuana are (1) actual or constructive possession, (2) knowledge of its presence, and (3) knowledge that the material is marijuana. There may be joint possession with another and the elements may be proven by circumstantial evidence and any reasonable inferences drawn therefrom. (People v. Francis, 71 Cal.2d 66 [75 Cal. Rptr. 199, 450 P.2d 591]; People v. White, 71 Cal.2d 80 [75 Cal. Rptr. 208, 450 P.2d 600].)
(4) Here, the recited evidence with respect to the quantity, location and condition of the sack in which the marijuana was located and other circumstances present is sufficient to create an issue of fact as to appellant's guilt. (People v. White, supra, 71 Cal.2d 80, 83; People v. Solo, 8 Cal. App.3d 201 [86 Cal. Rptr. 829].)
The People could also have presented the informer as a witness on the issue of possession and, even if the prosecution had not called him, he may have possessed information which would have enabled him to testify that the appellant was not seen smoking or have given other favorable testimony to the appellant on the issue of appellant's guilt. In the recent case of People v. Hunt, 4 Cal.3d 231, at page 239 [93 Cal. Rptr. 197, 481 P.2d 205],[3] the Supreme Court states: "When it appears from the evidence that an informer is a material witness on the issue of the defendant's guilt, the informer's identity may be helpful to the defendant and nondisclosure would deprive him of a fair trial. The People must either disclose his identity *299 or incur a dismissal. (Price v. Superior Court, 1 Cal.3d 836, 842-843 [83 Cal. Rptr. 369, 463 P.2d 721]; Honore v. Superior Court, 70 Cal.2d 162, 167 [74 Cal. Rptr. 233, 449 P.2d 169]; People v. McShann, 50 Cal.2d 802, 808 [330 P.2d 331].)
"We pointed out in Price: `The defendant need not prove that the informer would give testimony favorable to the defense ... nor need he prove that the informer was a participant in or even an eyewitness to the crime. The defendant's "burden extends only to a showing that `in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' (People v. Williams (1958) 51 Cal.2d 355, 359 [333 P.2d 19].) `That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration....'" [¶] `"[B]y the very nature of the problem here confronting defendants it is impossible for them to state facts which would show the materiality of the informant's testimony. Since they do not know his identity they cannot possibly state factually what he will say if he is required to testify."' (Price v. Superior Court, supra, 1 Cal.3d 836, 843.)" We are bound by the principles stated by the Supreme Court. (5) Applying these principles to the facts before the court, we are of the opinion that the trial court should have granted the motion to disclose the identity of the informer, and that it erred in refusing to do so.
However, we further hold, under the circumstances of this case, that appellant's failure to pursue his remedy by way of petition for writ of mandate to compel a disclosure (Honore v. Superior Court, supra, 70 Cal.2d 162), and his entry of a plea of guilty some four and a half months later pursuant to a plea bargain and apparently unrelated to the denial of the motion, precludes the appellant from having the motion reviewed upon this appeal. (People v. Laudermilk, 67 Cal.2d 272, 281-282 [61 Cal. Rptr. 644, 431 P.2d 228]; Stephens v. Toomey, 51 Cal.2d 864, 870 [338 P.2d 182]; People v. Warburton, 7 Cal. App.3d 815 [86 Cal. Rptr. 894].)
(6) While it is true that a number of reported cases permit the review of an order denying discovery upon appeal from a judgment of conviction, we have found none where the judgment of conviction was based upon a plea of guilty. (See People v. Shipp, 59 Cal.2d 845 [31 Cal. Rptr. 457, 382 P.2d 577]; People v. Estrada, 54 Cal.2d 713 [7 Cal. Rptr. 897, 355 P.2d 641]; People v. Cartier, 51 Cal.2d 590 [335 P.2d 114]; People v. Renchie, 201 Cal. App.2d 1 [19 Cal. Rptr. 734].) Even though reviewable as such, the appellate court will not reverse unless the error was prejudicial, the test being whether it is reasonably probable that the result would have been different *300 had the error not occurred. (People v. Shipp, supra, 59 Cal.2d 845, 849-850.) Furthermore, the error may be waived. (People v. Young, 224 Cal. App.2d 420, 423 [36 Cal. Rptr. 672].)
In People v. Warburton, supra, 7 Cal. App.3d 815, wherein the defendant entered a plea of nolo contendere to an indictment and attempted to have the sufficiency of the evidence to support the indictment reviewed upon his appeal from the judgment of conviction, the court held that, though the judgment was appealable, the issue of sufficiency of the evidence entered upon such a plea was not reviewable on the merits. In so holding, the court states (per Files, P.J.) at pages 821 and 822 of its opinion: "The legal sufficiency of the evidence before the grand jury is another kind of issue. It is the rule that a plea of guilty is an admission of every element of the offense, so that no other proof is necessary. (See People v. Ward (1967) 66 Cal.2d 571, 574-575 [58 Cal. Rptr. 313, 426 P.2d 881]; People v. Jones (1959) 52 Cal.2d 636, 651 [343 P.2d 577].) A judgment entered upon such a plea is not reviewable on the merits. Even though the judgment is appealable, `irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed.' (People v. Laudermilk (1967) 67 Cal.2d 272, 281-282 [61 Cal. Rptr. 644, 431 P.2d 228]; Stephens v. Toomey (1959) 51 Cal.2d 864, 870 [338 P.2d 182].)
"Considering the nature of the plea of nolo contendere, as defined in Penal Code section 1016, supra, a conviction based on that plea is no more subject to review than one based upon a guilty plea.
"The claimed insufficiency of the evidence before the grand jury is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense. Penal Code section 995 gives the defendant the opportunity to challenge the regularity of the grand jury proceedings or the preliminary examination, as well as the existence of probable cause, by motion prior to entering his plea. Penal Code section 996 provides that if such a motion is not made, `the defendant is precluded from afterwards taking the objections mentioned' in section 995. Numerous decisions of the courts have consistently held that failure to make a timely motion under section 995 constitutes a waiver of any further review of such issues (see e.g., People v. Harris (1967) 67 Cal.2d 866, 870 [64 Cal. Rptr. 313, 434 P.2d 609] (lack of counsel at preliminary examination)....
"In re Wells (1967) 67 Cal.2d 873 [64 Cal. Rptr. 317, 434 P.2d 613] was a collateral attack upon a conviction in which the petitioner claimed he was not apprised of his right to counsel at the preliminary examination. The Supreme Court said (at p. 875): `But assuming that petitioner was not then represented, his petition nevertheless lacks merit because he did not move to set aside the information, although he was represented by counsel in all *301 subsequent proceedings. (Pen. Code, § 995.) As we explain in People v. Harris, ante, p. 866 [64 Cal. Rptr. 313, 434 P.2d 609], petitioner thereby waived his statutory right to question the legality of his commitment. (Pen. Code, § 996.) Petitioner's plea of guilty, entered with the advice of counsel, also precludes raising this contention.' (Italics added.)
"The rationale of the Harris and Wells cases appears equally applicable to the claim of insufficient evidence before the grand jury.
"If the lack of probable cause is waived by failure to make a motion under section 995, a fortiori it is waived by a plea of guilty or nolo contendere. If an indictment is dismissed by the trial court for lack of probable cause, the People may file again if additional evidence is available. It is a reasonable assumption that a defendant will not plead guilty or nolo contendere unless he is satisfied that the People do have sufficient evidence at least to hold him for trial. No reason has been suggested why a defendant should be permitted to enter a plea of guilty or nolo contendere, and thereafter seek appellate review of whether the evidence before the grand jury indicated probable cause to hold him to answer."
It appears to us that by analogy the identical reasoning and principles are apposite to this case.
The judgment is affirmed.
Stone, P.J., and Gargano, J., concurred.
NOTES
[1] Though the People's brief refers to appellant's motion as one under Penal Code section 1538.5, we treat the motion solely as a motion for pretrial discovery as this is the proper method of obtaining such information. (See Honore v. Superior Court, 70 Cal.2d 162, 167, fn. 5 [74 Cal. Rptr. 233, 449 P.2d 169].)
[2] Penal Code section 1237.5 provides as follows:

"No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and
"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."
[3] People v. Hunt, supra, was filed March 1, 1971.