[Crim. No. 955. Fifth Dist. July 29, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY A. BROWN, Defendant and Appellant.

## COUNSEL

Paul Burke, under appointment by the Court of Appeal, and Arthur D. Dempsey for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Charles P. Just, Gary Allon Larson, Daniel J. Kremer and Loren E. McMaster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—Defendant, pursuant to a certificate of probable cause under Penal Code section 1237.5, appeals from a judgment entered upon his plea of guilty to the charge of escaping from Tehachapi branch facility for nar-

cotics' detention, treatment and rehabilitation (violation of Welf. & Inst. Code, § 3002). Defendant was a patient undergoing narcotics addiction treatment at the Tehachapi facility when he was granted a temporary release preparatory to a scheduled release. His leave commenced January 15, 1970, and he was to return to the facility January 18, which he failed to do. He was charged with escape; he pleaded not guilty and a preliminary examination was had. The district attorney, as frequently happens, put on a "bare bones" case, and the defendant put on no evidence at all. He was held to answer and bound over to the superior court.

Thereafter, defendant, in propria persona, filed a written motion to dismiss, which was in substance an allegation that the public defender failed to cooperate with him, that differences had arisen between them and that he could not properly present a case unless other counsel were appointed. He concluded by requesting appointment of other counsel.

At this point, the record becomes vague and confusing. No notice of motion to dismiss pursuant to Penal Code section 995 appears in the record, not even a minute order setting such a motion for hearing. Yet, such a motion was argued and defendant's request for change of counsel was summarily denied. At the hearing, the public defender argued facts, as well as law, many of which facts are not to be found in the transcript of the preliminary hearing. At no point in the proceedings was suppression of evidence mentioned so that Penal Code section 1538.5, subdivision (m), is not involved.

About a week after the motion to dismiss was denied, defense counsel advised the court that defendant wished to withdraw his plea of not guilty and to enter a plea of guilty on the condition the court issue a certificate of probable cause "so that Mr. Brown may appeal the denial of the motion under section 995 of the Penal Code." The court then arraigned defendant for change of plea, and advised him of his right to a jury trial, the right to confront and cross-examine witnesses who might testify against him, the right against self-incrimination, and the right to remain silent. (*People* v. *West,* 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409], and cases cited therein.) However, the court did not explain to defendant the effect of a plea of guilty upon his right to appeal in such a circumstance.

At first blush, it seems doubtful that a defendant's appeal right should be the consideration for a bargained plea of guilty, since, historically, plea bargaining evolved as a procedure by which a defendant enters a plea to a lesser offense or receives lessened punishment, admitting all the elements of the crime to which he pleads guilty. (*People* v. *Ward,* 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881].) Where a defendant by a section 995 motion asserts lack of probable cause and challenges the sufficiency of the evidence,

as well as the law, applicable to the charge against him, it is illogical to enter a plea of guilty before those doubts are resolved by a section 999a review. Certainly, he cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 of the Penal Code. (*People* v. *Warburton,* 7 Cal.App.3d 815, 821 [86 Cal. Rptr. 894].)

■ Regardless of the propriety of the proceeding, a reversal is compelled here, because the plea bargaining procedure itself was fatally defective. The defendant was not advised of the nature of the appeal right he was to receive, that is, the consideration in return for his plea of guilty. As we have noted, defendant was advised of the constitutional rights delineated by the Supreme Court in the *People* v. *West, supra,* 3 Cal.3d 595, line of cases. However, his plea was motivated by a different consideration from that of a lesser punishment or pleading to a lesser included offense in return for his plea of guilty. Defendant gave up his right to a general appeal after trial. He pleaded guilty in consideration of the right to a limited appeal, but the record is devoid of any indication that defendant knew or understood the distinction between a general or unrestricted right to appeal from a judgment after trial, and an appeal limited by a certificate of probable cause after a plea of guilty. From the points raised in his briefs, it appears doubtful that, had defendant been advised that he already had the right of limited review under section 999a and that by pleading guilty he was abandoning any chance for a trial and appeal on all grounds, he would have changed his plea.

In the light of the circumstances surrounding the plea of guilty, even the certificate of probable cause is inadequate, because it does not advise the defendant of the grounds upon which he may appeal. It reads in pertinent part: ". . . defendant reserved the right to appeal on the grounds set forth in said Motion." As noted above, there was no formal motion for dismissal under Penal Code section 995, no grounds were specifically stated, and questions of law and fact were argued. Thus, neither the remarks of the court at the time the guilty plea was bargained for nor the certificate of probable cause which was filed told the defendant, or for that matter a reviewing court, what issues were certified for appeal in return for the plea.

Defendant attached two declarations to his brief providing facts purporting to support his contention that he was denied effective counsel. The Attorney General quite properly moved to strike the declarations as being outside the record. Although this motion is moot in view of our conclusion that defendant was not properly advised of the consequences of his plea of guilty and that he did not knowingly and intelligently enter a plea of guilty, the proposed augmentation does serve to demonstrate defendant's misunderstanding of the scope of his appeal.

The motion to augment is dismissed; the judgment is reversed and the cause remanded with instructions to the trial court to permit defendant to withdraw his plea of guilty, if he so elects, and to take any further proceeding that may be necessary.

Gargano, J., and Brown (G. A.), J., concurred.