[Crim. No. 22986. Second Dist., Div. Four. Nov. 14, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK GENTRY STEARNS, Defendant and Appellant.

## Counsel

James M. Epstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FILES, P. J.**—On this appeal defendant seeks to attack the fairness of a lineup in which he was identified by a witness as the perpetrator of a homicide.

Defendant was arrested, placed in a lineup, and identified by a witness. He was charged by information with murder (Pen. Code, § 187) and found guilty by a jury of first degree murder. His conviction was reversed on appeal because of errors of law in instructing the jury (*People* v. *Stearns* (1971) 14 Cal.App.3d 178 [92 Cal.Rptr. 69]), and the cause was restored to the superior court calendar.

Subsequently defendant made what counsel called a *"Wade-Gilbert* motion" to suppress certain identification testimony upon the ground that the lineup had been unfair. Testimony was received, going to the lineup issue. This motion was denied on May 31, 1972. A jury trial commenced but a mistrial was declared when the jury became deadlocked. Then, pursuant to a plea bargain, defendant pleaded guilty to voluntary manslaughter (Pen. Code, § 192, subd. 1), proceedings were suspended, and defendant was placed on probation for three years.

Defendant now appeals "from a plea of guilty and the subsequent sentence" on the ground that his "pretrial motion to suppress the identification of said defendant as the perpetrator of the crime" was erroneously "denied on May 31, 1972 . . . because said identification was forever tainted by

an unconstitutionally composed lineup." Defendant's appeal will be construed as an appeal from the judgment (order granting probation). (Pen. Code, § 1237.)

■ Counsel for defendant argues that the pretrial ruling with respect to the lineup is reviewable on appeal after a guilty plea by analogy with Penal Code section 1538.5, subdivision (m).[1] Counsel points out that a pretrial motion to suppress is recognized as a proper means of challenging the fairness of a lineup. (See *People* v. *Martin* (1970) 2 Cal.3d 822, 832, fn. 11 [87 Cal.Rptr. 709, 471 P.2d 29]; *People* v. *Smith* (1969) 273 Cal. App.2d 547, 552 [78 Cal.Rptr. 405].)

Even though the challenge to the lineup is heard at a special pretrial motion, it is not a motion under Penal Code section 1538.5, since that section applies only to evidence sought to be suppressed as the product of a search and seizure. (See *People* v. *Morrow* (1969) 276 Cal.App.2d 700, 703 [81 Cal.Rptr. 201]; *People* v. *Smith, supra*.) The special statutory procedure of section 1538.5, including the provisions of subdivision (m) allowing an appeal after a guilty plea, is not applicable to other kinds of pretrial rulings. (See *People* v. *Warburton* (1970) 7 Cal.App.3d 815, 820 [86 Cal.Rptr. 894]; *People* v. *Archuleta* (1971) 16 Cal.App.3d 295 [93 Cal.Rptr. 881].) The fairness of the lineup became immaterial after defendant pleaded guilty, and the ruling is not reviewable on this appeal.

The record contains no irregularity going to the guilty plea, or to the order granting probation which followed.

The judgment (order granting probation) is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 28, 1973, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1974.

---

[1]Penal Code section 1538.5, subdivision (m), provides: ". . . A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."