[Crim. No. 24033. Second Dist., Div. Five. July 30, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ALVIN GLOVER, Defendant and Appellant.

## Counsel

Alan A. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KAUS, P. J.**—Defendant Alvin Glover was charged with attempted grand theft (Count I) and attempted grand theft of a motor vehicle (Count II). A pretrial motion to dismiss the case for lack of a speedy trial was denied and the matter set for trial.

Before trial, a plea bargain was arranged with the court's approval. Defendant pleaded guilty to count I and the court imposed a one-year jail sentence, making the offense a misdemeanor. The court granted the prosecution's motion to dismiss count II. Then the court stated that it understood defense counsel would be requesting a certificate of probable

cause to appeal from the speedy trial ruling and that the court would be happy to sign the certificate. The certificate was signed a few days later.

## FACTS

Defendant was first arrested on November 28, 1972, apparently after two citizens saw him trying to steal a vehicle. A felony complaint was obtained on November 30. Meanwhile, "there had been an error in the transportation," and defendant was not taken to court to be arraigned. Because of the 48-hour rule, defendant was released.

On December 4 Officer White, who was in charge of defendant's case, obtained an arrest warrant. The warrant was filed in Parker Center and on about December 14 placed on a teletype system for statewide distribution. Officer White set up a "due diligence" form for defendant, which contained miscellaneous information, including defendant's name, address, social security number and the fact that defendant was an unemployed meat cutter. White did not have a phone number for defendant. He entered attempts to locate defendant on the form.

On December 4 and 14, Officer Knight, who was White's partner, got in touch with two meat cutters' union locals. He also contacted an insurance company which handled most of the union's business. On January 10, 1973, White went to defendant's address, but no one was home. He went there once more but he could not remember on what date.

On March 15, White learned that defendant had been arrested on a narcotics charge on February 2, but had been released before he was connected with the outstanding warrant. When White checked the warrant, he found that it had been filed under the name "Glower," which was the name that mistakenly appeared on the original booking slip.

The officers involved in defendant's narcotics arrest told White that defendant had been shot sometime before March 15 and had been taken to Harbor General Hospital. However, when White checked, defendant had already been released.

Defendant was arrested on May 5 by the Los Angeles County Sheriff's Department. The arrest was based on the teletype warrant.

Officer White's normal monthly caseload consisted of investigating about 140 stolen vehicles, 140 to 180 burglaries and motor vehicle thefts, 15 to 25 arrestees in custody, and a large number of unarrested suspects named in crime reports.

Defendant submitted an affidavit in support of the motion to dismiss, stating that when he was first arrested, he gave his correct name and address to the police, and had been living at that address continuously. He stated that "the delay has prejudiced me in locating witnesses and recalling facts and events surrounding the alleged offense and has dulled the memory of the witnesses against me."

## DISCUSSION

The issue on appeal is whether defendant was denied his right to a speedy trial. ■ The People argue that the plea bargain foreclosed defendant from raising this issue.

### I.

We need not decide whether the limited right to appeal after a guilty plea (Pen. Code, § 1237.5)[1] includes the right to challenge a trial court order refusing to dismiss a case on speedy trial grounds.

Here part of the consideration for defendant's pleading guilty was that the issue of speedy trial would be preserved for appeal. After defendant was sentenced, the court stated: "Count 2, on motion of the People, is dismissed, in the interests of justice. And we understand, [defense counsel], you will be filing a certificate of probable cause in order to appeal from the ruling made by the Court with reference to the claim of lack of a speedy trial. We will be happy to sign that certificate if you present it to us."

This case, then, is similar to *People* v. *Brown*, 18 Cal.App.3d 1052, 1054 [96 Cal.Rptr. 476], in which the defendant pleaded guilty "on the condition the court issue a certificate of probable cause 'so that [defendant] may appeal the denial of the motion under section 995 of the Penal Code.'"

In *Brown*, the court held that the defendant "cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 . . . ." (*Id.*, at p. 1055.) Accordingly,

---

[1] "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . . except where: (a) The defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings . . . ." (Pen. Code, § 1237.5. See, generally, *People* v. *Ribero*, 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308], and cases collected; *People* v. *Stearns*, 35 Cal.App.3d 304, 306 [110 Cal.Rptr. 711]; *People* v. *Archuleta*, 16 Cal.App.3d 295, 299-300 [93 Cal.Rptr. 881]; *People* v. *Warburton*, 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894], cert. den., 400 U.S. 1022 [27 L.Ed.2d 634, 91 S.Ct. 587].)

the court reversed, "because the plea bargaining procedure itself was fatally defective. The defendant was not advised of the nature of the appeal right he was to receive, that is, the consideration in return for his plea of guilty." (*Id.*, at p. 1055.)

In *Brown* the court could not reasonably give defendant the benefit of the bargain: a general challenge to the sufficiency of the evidence is inconsistent with a guilty plea. Here, however, it is possible to give defendant the benefit of his bargain since the question of speedy trial is not necessarily inconsistent with a plea of guilty and does not unfairly prejudice the People.[2]

## II.

Defendant was arrested the day of the alleged offense and was not rearrested on the charge for more than five months. Relying chiefly on *Jones* v. *Superior Court*, 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10], he contends that the delay in rearresting him prejudiced his defense, and was without justification.

In *Jones*, the court reaffirmed that a defendant becomes an "accused" within the meaning of the California and United States constitutional guarantees of a speedy trial no later than when a complaint is formally filed against the defendant. (3 Cal.3d at p. 739.)

In *Jones*, a complaint was filed some 19 months before the defendant was arrested. (*Id.*, at p. 739.) Although the defendant learned at some point that the "police suspected him of a narcotics offense, he did not know when or how they believed the crime was committed . . . ." (*Id.*, at pp. 740-741.) The police made several efforts to locate him, but only went to his home on one occasion, when, as in this case, no one was there. (*Id.*, at p. 736.)

The court found that the 19-month delay, coupled with defendant's ignorance of the specific charges brought against him, prejudiced his ability to defend himself. (*Id.*, at p. 741.) In this case, the delay is much shorter; nevertheless, even if some prejudice to defendant could be inferred from the mere passage of time, the "prejudicial effect of the delay on petitioner must be weighed against any justification for the delay."

---

[2]Defendant's challenege is based on constitutional rather than statutory grounds. Therefore, whether defendant raised the speedy trial issue by writ or on appeal, if he is corrct, a termination of the proceedings against him would be constitutionally compelled. (*Strunk* v. *United States* (1973) 412 U.S. 434, 440 [37 L.Ed.2d 56, 61-62, 93 S.Ct. 2260].)

(*Jones*, at p. 740.) ■ The purpose of the constitutional speedy trial provision is to protect those accused of crime against possible delay, caused either by the wilful oppression or negligence of the state or its officers. (*Jones* v. *Superior Court, supra*, 3 Cal.3d 734, 738; *People* v. *Williams*, 30 Cal.App.3d 502, 508 [106 Cal.Rptr. 324].)

■ Defendant contends that the efforts made by the officer to arrest defendant were so minimal and so misdirected as to constitute negligence.

We disagree, although we concede it is not a clearcut matter. True, police activity was inefficient. After defendant's first arrest he was released because someone failed to schedule transportation to court for arraignment; the name on the arrest warrant was misspelled and thus the warrant was misfiled. Further, when defendant was arrested on February 2 on a narcotics charge, no one connected him to the outstanding warrant.

However, the officer's heavy workload is to be considered; the limited emphasis to be placed on apprehending an individual charged with an attempted offense against property must be placed in perspective. *Kaikas* v. *Superior Court*, 18 Cal.App.3d 86, 90 [95 Cal.Rptr. 596], states the problem well:

"While from the panoramic vantage point of hindsight it can be argued that more effort or different means might have been employed by the police to apprehend petitioner, one is not compelled to conclude that what was done was unreasonable. In the total picture we must recognize that the duties and functions of a police officer are so varied and numerous as to require the constant exercise of discretion in the setting of priorities in his day-to-day work. Emergencies and other unexpected immediate demands upon his time can easily cause interruption of scheduled or planned activities of what might be called routine investigation.

"It is perhaps an unfortunate, but nonetheless existing, fact of life in a democratic society that only so much time, manpower and money can be expended toward any single criminal case."

Finally, within proper limits, the determination of prejudice and justification is a factual one, and we cannot say that there was no substantial evidence to uphold the trial court's finding that defendant's right to a speedy trial was not violated. (E.g., *People* v. *Mitchell*, 8 Cal.3d 164, 167 [104 Cal.Rptr. 348, 501 P.2d 916].)

### III.

■ Defendant contends that since the issues are factual ones, the court was required to make specific findings. Moreover, he contends that

the trial court's denial of defendant's motion must be considered to be an implied finding of no prejudice.

First, there is no flat requirement that the trial court make specific findings of fact in connection with a speedy trial motion. Where the record indicates that the trial court applied the wrong standards in determining the issue, then, of course, the appellate court will remand for a proper determination. (E.g., *Childress* v. *Superior Court*, 33 Cal.App. 3d 99, 103 [108 Cal.Rptr. 774]; *People* v. *MacDonald*, 27 Cal.App.3d 508, 510-511 [103 Cal.Rptr. 726]; 36 Cal.App.3d 103 [111 Cal.Rptr. 266].)

In this case, however, the record shows that the trial court understood the standard to be applied. Both attorneys argued the motion on the basis of *Jones*—that is, weighing the prejudice to the defendant against the justification for the delay. *Jones* and *Kaikas* v. *Superior Court, supra*, which relies on *Jones*, were cited to the court, which stated that it had "read several cases on this matter in anticipation of some of the arguments to be made . . . ." After taking a recess to check out additional cases, the court denied the motion. The trial court understood the issues.

## IV.

█ Defendant's final contention is that he was deprived of effective counsel because his attorney failed to submit any affirmative evidence of prejudice to defendant and relied solely on defendant's affidavit. The contention is without merit.

Defense counsel may very well have rested on defendant's affidavit because there was no affirmative or more detailed evidence of prejudice. This is no *Jones* case, in which the defendant knew only that the police believed he was involved in a narcotics offense. Here, "the defendant broke into a truck in front of two civilian witnesses. They chased him two blocks, where he was arrested by the police." It might be very difficult for a defendant, apparently caught in the act, to support his conclusory allegations that the passage of time prejudiced him. In brief, defense counsel was not ineffective.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1974.