[Crim. No. 25915. Second Dist., Div. Two. July 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LESTER MEALS, JR., Defendant and Appellant.

## COUNSEL

Burton Marks for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Robert Meals, Jr., appeals from the judgment of conviction (order of probation) and from various orders of the trial court that are not appealable except from the judgment. The conviction was based on a guilty plea pursuant to a plea bargain; a certificate of probable cause (Pen. Code, § 1237.5) is in the record.[1]

In an indictment filed November 20, 1973, appellant and several codefendants were charged with conspiracy to commit grand theft. A second indictment, filed April 11, 1974, charged appellant and codefendants with conspiracy to commit grand theft and to receive stolen property. The proceedings culminating in the plea bargain are based on the second indictment. A motion under Penal Code section 995 to

[1]Penal Code section 1237.5 reads as follows:
"No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:
"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and
"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

dismiss the indictment was denied.[2] A demurrer to the indictment was also overruled.

A plea bargain was entered into whereby defendants would plead guilty to conspiracy to receive stolen property; the matter would be made a misdemeanor by sentence without any representation or promise as to what the sentence would be; and all *defendants would be entitled to a certificate of probable cause* to appeal those issues contained in the motions to dismiss, in the demurrer and in the petitions for writ of prohibition. A motion to set aside the plea (filed "in order to have a record") was denied. Appellant was sentenced; execution of sentence was suspended, and he was placed on probation.

CONTENTIONS ON APPEAL:

1. The indictment should have been set aside because the evidence before the grand jury was insufficient to warrant conviction of the alleged offense of conspiracy. In addition, much of the evidence before the grand jury was inadmissible because defendant's extrajudicial statements cannot be used to establish the conspiracy; and without the proof of conspiracy, hearsay statements of co-conspirators cannot be used.

2. The indictment was defective because it was found in violation of Penal Code section 939.6, subdivision (a) in that it was predicated on off the record statements by the district attorney rather than on any competent evidence of conspiracy.

DISCUSSION:

*Sufficiency of the evidence is not reviewable in this appeal.*

█ Appellant wants this court to review the evidence presented to the grand jury to determine if it was sufficient to "warrant a conviction by a trial jury." Initially, we note that that is not the test by which to review sufficiency of evidence leading to an indictment. " 'Probable cause is shown if a man of ordinary caution or prudence would be led to

[2]That motion was based on grounds that (1) the second indictment was based primarily on a transcript of testimony presented at the first indictment, (2) the corpus delicti of conspiracy was proved through inadmissible evidence (extrajudicial statements of defendant and his co-conspirators before proving a conspiracy), and (3) the grand jury relied on some off the record statements by the district attorney describing the indictment rather than on evidence presented directly to the grand jury.

believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citation.] An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.' " (*People* v. *Ketchel,* 59 Cal.2d 503, 532 [30 Cal.Rptr. 538, 381 P.2d 394].)

More important here is the fact that sufficiency of the evidence is not reviewable on appeal from a guilty plea. (*People* v. *Stanworth,* 11 Cal.3d 588 [114 Cal.Rptr. 250, 522 P.2d 1058].)

"[A] plea of guilty is an admission of every element of the offense, so that no other proof is necessary. (See *People* v. *Ward* (1967) 66 Cal.2d 571, 574-575 [58 Cal.Rptr. 313, 426 P.2d 881]; *People* v. *Jones* (1959) 52 Cal.2d 636, 651 [343 P.2d 577].) A judgment entered upon such a plea is not reviewable on the merits. Even though the judgment is appealable [under section 1237.5], 'irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed.' (*People* v. *Laudermilk* (1967) 67 Cal.2d 272, 281-282 [61 Cal.Rptr. 644, 431 P.2d 228]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 870 [388 P.2d 182].)

" . . . . . . . . . . . . . . . . . . .

"The claimed insufficiency of the evidence before the grand jury is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense. Penal Code section 995 gives the defendant the opportunity to challenge the regularity of the grand jury proceedings or the preliminary examination, as well as the existence of probable cause, by motion prior to entering his plea. . . . Insufficiency of the evidence before the grand jury or at the preliminary examination is 'jurisdictional' in the special procedural sense that the ruling of the trial court [on the motion under Penal Code section 995] may be reviewed *by writ of prohibition under* Penal Code section 999a. (See *Guerin* v. *Superior Court* (1969) 269 Cal.App.2d 80, 83 [75 Cal.Rptr. 923].) But the defect is not jurisdictional in the fundamental sense, because . . . it is subject to waiver." (Italics added.) (*People* v. *Warburton,* 7 Cal.App.3d 815, 821-822 [86 Cal.Rptr. 894]. See also *People* v. *Martin,* 9 Cal.3d 687, 693 [108 Cal.Rptr. 809, 511 P.2d 1161]; *People* v. *Stanworth, supra,* 11 Cal.3d 588.) At bench appellant did not seek a writ of prohibition under Penal Code section 999a after denial of his motion under Penal Code section 995. He therefore waived his right to a review of the sufficiency of the evidence presented to the grand jury.

Although sufficiency of the evidence presented to the grand jury is not reviewable on appeal from an ordinary plea of guilty, it might be contended that a plea bargain specifically providing that defendant shall be entitled to such a review might preserve the issue. This contention is answered in *People* v. *Castro,* 42 Cal.App.3d 960 [117 Cal.Rptr. 295]. "While a plea bargain has been permitted to accomplish that result where the pretrial ruling specifically reserved for appeal was collateral to and not inconsistent with the guilty plea (see *People* v. *Glover,* 40 Cal.App.3d 1006, 1010-1011 . . . , where appellate review of the denial of the motion to dismiss for lack of a speedy trial was permitted), it has not been permitted to do so where, as here, the result would be wholly illogical and totally inconsistent (see *People* v. *Brown* . . . 18 Cal.App.3d 1052, 1054-1055)." (*People* v. *Castro, supra,* 42 Cal.App.3d at p. 964.) As in *Castro* and *People* v. *Brown,* 18 Cal.App.3d 1052 [96 Cal.Rptr. 476], the result in the instant case would be totally inconsistent with the admission of guilt. The issue of sufficiency of the evidence is therefore not reviewable. (*People* v. *Stanworth, supra,* 11 Cal.3d 588, 605.)

*The plea bargain was improper.*

■ As in *People* v. *Brown, supra,* 18 Cal.App.3d 1052, appellant's consideration for his plea of guilty was not fully explained to him in the plea bargain. He properly waived his rights to jury trial, to trial by court, to cross-examine witnesses, to confrontation, and against self-incrimination. He also admitted there was a factual basis to the plea. It was explained that defendants would plead to conspiracy to receive stolen property; the matter would be made a misdemeanor by sentence; and "all defendants will be entitled to a certificate of probable cause to appeal those issues which have been raised or reasonably found in the motions to dismiss in the demurrer and which are set forth in the petitions for writs of prohibition[3]. . . ." However, appellant gave up his right to appeal from a judgment after trial, which would have permitted review of the issues he now raises. He did this in exchange for, among other things, the promise of a certificate of probable cause. "The certificate is a procedural requirement to perfect an appeal from a judgment based upon a plea of guilty; it does not provide grounds for an appeal or determine the issues which are reviewable. (See *People* v. *Ribero,* 4 Cal.3d 55, 63 . . . .)" (*People* v. *Castro, supra,* 42 Cal.App.3d at

---

[3]This refers to a petition for writ of prohibition with reference to the first indictment. On the filing of the second indictment, the petition then pending was dismissed. The present case is based on the second indictment. No such petition was filed concerning the second indictment on which the plea of guilty was made.

p. 965.) This limited right of appeal was not explained to appellant; therefore, under *People* v. *Brown, supra,* 18 Cal.App.3d at page 1055, he was not properly advised of the consequences of his plea.

We are mindful of the legality of plea bargains. (*People* v. *West,* 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].) There are, however, limits to the plea bargain procedure. The plea bargain cannot be used to change or to ignore statutory requirements which the trial court has no power to change or to ignore. We, therefore, emphasize that it is inappropriate for the trial court to accept a plea based on a plea bargain which contains a promise that defendant will be entitled to or shall receive a certificate of probable cause (presumably made in order that defendant may pursue an appeal under section 1237.5). The case at bench illustrates that such a promise may well be illusory and hence worthless (*People* v. *West, supra,* at p. 610), and provides an example why such practice should stop.

The statute (Pen. Code, § 1237.5) requires a defendant to file a written statement showing probable cause for the appeal. Appellant filed no such statement. The statute also requires a certificate of probable cause to be executed by the trial court. The second requirement follows the first and requires the court to read the defendant's statement and *think* about the contents. The court could not have performed its statutory duty here because there was no statement of defendant before it. The process here used purports (a) to promise and grant the right to appeal irrespective of the presence and showing by defendant's statement of good cause, and (b) to cast upon the reviewing court the trial court's initial duty to examine the stated grounds to determine therefrom the presence, or absence, of probable cause and thereby eliminate frivolous appeals.

"[W]hen' a defendant challenges the validity of his guilty plea, *compliance* with section 1237.5 is a prerequisite to an appeal." (Italics added.) (*People* v. *Ribero,* 4 Cal.3d 55, 61, fn. 3 [92 Cal.Rptr. 692, 480 P.2d 308].) Section 1237.5 "sets forth a procedure for precluding frivolous appeals by requiring the defendant to set forth grounds for appeal and, *if* he does so, by requiring the trial court to rule on the issue of probable cause. . . . The Legislature has conditioned the right of appeal from a plea of guilty upon the filing of the required statement." (Italics added.) (*People* v. *Ribero, supra,* at pp. 62, 66.) Rule 31(d),

California Rules of Court, recognizes and implements this statutory condition.[4]

Read in the light of *Ribero,* section 1237.5 places upon the defendant and the trial court the respective duty of (a) filing a written statement, and (b) reading and examining the written statement and determining the existence or absence of probable cause. To promise in advance that a defendant will receive a certificate regardless of any statement is contrary to the statute. Such promise disregards the duty of defendant and court explained above. The scope and jurisdiction of appellate review after a plea of guilty may not be enlarged as attempted at bench.

If a defendant has reasonable cause for an appeal under section 1237.5, he does not need the promise of a certificate of probable cause. If the defendant does not have reasonable cause to appeal under section 1237.5, the court may not issue a certificate of probable cause and may not promise in advance to issue such a certificate as part of a plea bargain.

The judgment is reversed and the cause remanded to the trial court.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied July 22, 1975.

---

[4]Rule 31(d) reads in part as follows: "In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file the statement required by Section 1237.5 of the Penal Code, which shall serve as a notice of appeal, within 60 days after the rendition of judgment, but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files his statement the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate."