[Crim. No. 18828. First Dist., Div. One. Jan. 7, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DWAYNE GENE LEE, Defendant and Appellant.

716

[Redacted content]

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Deborah Long, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Nathan D. Mihara, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RACANELLI, P. J.**—On appeal from his conviction based upon a negotiated plea of guilty to crimes of robbery and aggravated assault,

defendant claims a denial of the right of speedy trial due to prearrest delay and entitlement to good-time/work-time credit for presentence confinement. Our determination of the former claim requires reversal.

## I

*No Cognizable Issue on Appeal*

■ The sole substantive challenge on appeal following defendant's plea of guilty and filing of certificate of probable cause (Pen. Code, § 1237.5) relates to a Sixth Amendment claim of error due to a post-complaint delay of 168 days in effecting defendant's arrest. We believe the reasoning of a recent decision of this court involving a similar challenge is apposite herein. In *People* v. *Hayton* (1979) 95 Cal.App.3d 413 [156 Cal.Rptr. 426] [hg. den. Aug. 22, 1979], a like claim of pretrial delay was analyzed as follows: "Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea. (Pen. Code, § 1237.5.) The reason for this rule is that 'a plea of guilty admits all matters essential to the conviction.' (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) Therefore, section 1237.5 of the Penal Code does not expand the grounds upon which an appeal may be taken after a guilty plea, but 'merely establishes a procedure for screening out frivolous claims among these issues which have not been waived.' (*People* v. *Kaanehe, supra,* at p. 9.)...[Thus,] [a]lthough the constitutional right to speedy trial is fundamental [citation], we conclude that a defendant may not raise the issue on appeal after he has pleaded guilty." (*Id.,* at pp. 416, 418.) In explicating its conclusion, the *Hayton* court reasoned that: "The essence of a defendant's speedy trial or due process claim in the usual case is that the passage of time has frustrated his ability to establish his innocence. The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established." (*Id.,* at p. 419.)

We are similarly persuaded that the appeal herein presents no cognizable issues.

II

*Validity of Plea Bargain*

■ In his supplemental brief defendant contends that in the event his speedy trial claim is not cognizable on appeal, then the underlying plea bargain—which was expressly conditioned upon his right to appeal on such constitutional grounds[1] — is fatally defective, thus entitling him to withdraw his guilty plea. (See *People* v. *Brown* (1971) 18 Cal. App.3d 1052, 1055 [96 Cal.Rptr. 476]; accord *People* v. *Meals* (1975) 49 Cal.App.3d 702 [122 Cal.Rptr. 585]; cf. *People* v. *Glover* (1974) 40 Cal.App.3d 1006 [115 Cal.Rptr. 714].)[2]

Since we have concluded that defendant's claim is not reviewable on appeal, it was improper for the trial court to approve the negotiated plea bargain purporting to provide the otherwise illusory right of appeal. (See *People* v. *Meals, supra,* 49 Cal.App.3d 702, 708.) The resulting failure to properly advise the defendant of the consequences of his conditional plea rendered the plea bargain itself procedurally defective. (See *People* v. *Brown, supra,* 18 Cal.App.3d 1052, 1055.) Accordingly, the judgment of conviction must be reversed and remanded with instructions to permit the defendant a reasonable opportunity to

---

[1]The pertinent part of the record supports defendant's uncontested assertion, viz.: "MR. SMETANA [Deputy District Attorney]: From Department 2's calendar, Number 21441. People versus Dwayne Gene Lee. [¶] In this matter, the defendant does appear personally before the Court with Mr. Egan, his attorney. [¶] It is my understanding, based on the discussions with the Court, there is to be a change of plea in this matter. [¶] MR. EGAN: Mr. Lee does, at this time, move the Court to permit him to withdraw his previous plea entered, pleas of not guilty to Counts 1 and 2 of the Information, and enter a new and different plea of guilty to each count. Mr. Lee is making that change of plea based on his best interest. [¶] The understanding would be that following the entry of the new pleas, he will be referred to the Probation Department, and upon receipt of the probation report, the Court would sentence Mr. Lee either to felony probation or to the mitigated term for one of the two counts in the Information. [¶] Also, there would be a stipulation that, I think, Penal Code Section 654 precludes multiple sentencing in these two counts, and in addition, *the Court has indicated that it would file a Certificate of Probably [sic] Cause with the Clerk under Penal Code Section 1237.5 indicating that there is a constitutional issue relating to these proceedings, and that an appeal would lie following a guilty plea."* (Italics added.)

[2]The *Glover* court expressly declined to decide a similar issue (*id.,* at p. 1010); thus, its discussion of the merits of the claim presented therein is dictum.

withdraw his plea of guilty if he so elects, and to undertake such further proceedings as may be necessary.

In view of our decision, we do not reach the merits of defendant's good-time/work-time claim which, in the event of a final conviction herein, may be properly considered thereafter by habeas corpus. (See *People* v. *Wende* (1979) 25 Cal.3d 436, 443, fn. 4 [158 Cal.Rptr. 839, 600 P.2d 1071].)

Judgment is reversed and remanded for further proceedings not inconsistent with the views expressed herein.

Elkington, J., and Newsom, J., concurred.