Filed 3/27/14  P. v. Martinez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072503 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F04521) |
| v. | |
| ISAAC MARTINEZ, | |
| Defendant and Appellant. | |

After the murder trial of defendant Isaac Martinez had begun, defendant withdrew his plea of not guilty, entered a plea of no contest to voluntary manslaughter, and admitted gang and firearm use enhancements.  Trial counsel and the trial court stated that the plea preserved defendant's purported right to challenge the court's in limine evidentiary rulings.  Defendant appeals, contending that an in limine ruling permitting the introduction of uncharged prior conduct as a predicate offense to support the gang enhancement was prejudicial error.  We conclude defendant may not attack this ruling on

1

appeal following a plea of no contest, and the court's promise that defendant could do so was illusory. We shall dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with murder. The information alleged that defendant personally discharged a firearm causing great bodily injury or death and that defendant committed the underlying offense for the benefit of a criminal street gang.

Before trial, in response to the prosecutor's statement that he intended to introduce evidence of uncharged criminal conduct by defendant as a predicate offense for the gang enhancement, defendant filed a written motion to exclude this evidence. The trial court denied the motion and ruled the evidence admissible.

After trial began, an amended information was filed, adding a charge of attempting to dissuade a witness.

Thereafter, defendant withdrew his not guilty plea and pled no contest to voluntary manslaughter as reasonably related to murder, admitted a gun use enhancement as reasonably related to the charged enhancement, and admitted the gang enhancement in return for the dismissal of the remaining charge, the promise of a 31-year maximum state prison sentence, and the purported right to appeal the denial of his in limine motions. The factual basis for his plea, as stipulated by counsel, was that on July 10, 2010, after being accosted by Damien Burkholder, defendant shot and killed Burkholder, personally using a .40-caliber handgun, and did so for the benefit of the Franklin criminal street gang.

The trial court sentenced defendant to a 26-year state prison term (a six year middle term for voluntary manslaughter, plus 10 years consecutive for each enhancement).

Defendant filed a timely notice of appeal. He did not obtain a certificate of probable cause.

2

In defendant's opening brief, he argues that the trial court erred by denying his motion in limine to exclude the evidence of his uncharged prior conduct to prove the gang enhancement. He does not consider the question whether in limine rulings are reviewable on appeal following a plea of no contest.

The People reply that defendant's no contest plea forfeited his contention. The People are correct.

This court held almost 30 years ago, in a decision cited by neither party, that a defendant may not attack in limine evidentiary rulings after a plea of no contest. (*People v. Shults* (1984) 151 Cal.App.3d 714, 718-720.) We relied on the well-settled rule that such a plea " 'admits all matters essential to the conviction.' " (*Id.* at p. 719, quoting *People v. DeVaughn* (1977) 18 Cal.3d 889, 895.)

Furthermore, "[t]he plea bargain cannot be used to change or to ignore statutory requirements which the trial court has no power to change or to ignore . . . . [I]t is inappropriate for the trial court to accept a plea based on a plea bargain which contains a promise that defendant will be entitled to or shall receive a certificate of probable cause [because] such a promise may well be illusory and hence worthless." (*People v. Meals* (1975) 49 Cal.App.3d 702, 708.) Obtaining a certificate of probable cause does not make cognizable any issue that has been waived by a no contest plea. (*People v. Hunter* (2002) 100 Cal.App.4th 37, 41-42.)

Here, defendant did not obtain a certificate of probable cause, apparently because the trial court stated on the record that defendant's plea preserved the "right" to appeal the court's in limine rulings. But the trial court had no authority to make that statement, and its promise that defendant could appeal nonreviewable rulings was illusory. (*People v. Shults, supra*, 151 Cal.App.3d at pp. 718-720; see *People v. Hunter, supra*, 100 Cal.App.4th at pp. 41-42; *People v. Meals, supra,* 49 Cal.App.3d at p. 708.) Thus,

even if defendant had obtained a certificate of probable cause, it would not have authorized this appeal.

DISPOSITION

The appeal is dismissed.


ROBIE              , J.


We concur:


BLEASE           , Acting P. J.


BUTZ              , J.