[Civ. No. 36667. Second Dist., Div. Five. Dec. 16, 1970.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GEORGE YOUNG et al., Real Parties in Interest.

546

## COUNSEL

Evelle J. Younger, District Attorney, Harry Wood and Arnold T. Guminski, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard S. Buckley, Public Defender, John Hayes, Deputy Public Defender, Gilbert Alston, Henry P. Nelson, Leo Branton, Jr., Claude Vibart Worrell, Sr., Luke McKissack and Oliver W. Holmes, Jr., for Real Parties in Interest.

## OPINION

**SELBER, J.**\*—The People seek relief by way of mandate pursuant to section 1538.5, subdivision (o) of the Penal Code from an order of the respondent court suppressing certain evidence in a criminal action against certain defendants, who are the real parties in interest herein.

*Assigned by the Chairman of the Judicial Council.

The three exhibits which were ordered suppressed by respondent court and which constitute the gravamen of this petition are but a small part of the considerable evidence seized by the police during the execution of a search warrant on defendants' premises. The warrant did not call for the seizure of the items involved in this proceeding. As a result of the events leading up to the execution of the warrant, there is now pending in respondent court a criminal prosecution in which the defendants are variously charged with conspiracy to commit murder, conspiracy to commit assault with a deadly weapon upon a police officer, assault with a deadly weapon likely to produce great bodily injury, possession of pipe bombs, and conspiracy to possess illegal firearms and destructive devices.

Defendants' petitions for writs of prohibition and mandate have previously been denied by this court. The petition for writ of mandate particularly raised the issue of unlawful search and seizure by the police, the contention being made that the police had unlawfully entered the premises of the defendants. We ruled against the contention. The Supreme Court of this state has now denied hearing to the defendants on each of these petitions. It is therefore unnecessary to reopen that question upon the instant petition. We assume the police were legally on the premises.

Defendants' motion to suppress evidence pursuant to section 1538.5 of the Penal Code was denied by respondent court, except as to Exhibits 100, 101 and 102. The People contend these exhibits were erroneously suppressed.

At the hearing upon the motion in respondent court, Sergeant Raymond Callahan testified that following his entry onto defendants' premises he observed therein a tape recorder which had wires running to and attached to a telephone. A tape was on the tape recorder. When he observed this connection he formed the opinion that there was a violation of law in that the connection had been made without the authorization of the telephone company. Thereupon the tape recorder (Exh. 100), and the tape (Exh. 101), were taken to the police station where subsequently a transcript of the tape (Exh. 102) was prepared. A photograph of the tape recorder and the telephone (Exh. 99), made at the premises was introduced into evidence but was not suppressed.

No evidence controverting the observations of Sergeant Callahan was introduced at the hearing. At the oral hearing before this court, counsel for real parties in interest agreed that the factual matters covered in Sergeant Callahan's testimony were accurately set forth in the People's petition, and that it constituted the sole evidence upon which the respondent court could have based its ruling upon this issue.

▉ Thus the sole issue for determination is whether the officer had probable cause to believe that a penal offense had been committed when someone attached an instrument to the telephone wires without the authorization of the telephone company, although presumably with the authorization of the subscriber, and that the items seized were of evidentiary value.

▉ The trial court apparently had no problem with the facts. Its ruling seems to have been based solely on its concept of the law. In its supplemental memorandum opinion of May 4, 1970, respondent court stated, "The court feels that the authorization referred to in the Penal Code is authorization by the subscriber to the telephone service, not the authorization by the telephone company."

To the extent that respondent court thus determined the issue of suppression as a matter of law, adversely to the People, we are of the opinion said respondent court was in error.

Penal Code section 631, provides in part, that: "(a) Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, . . . is punishable by . . . ."

This section of the Penal Code was enacted by the Legislature in 1967, the same year that it repealed the predecessor statute, section 640 of the Penal Code and amended section 591 of the Penal Code. It is clear that in so doing the Legislature broadened the application of the statute to include more modern techniques for tapping wires and at the same time made section 631 of the Penal Code the exclusive section dealing with this subject matter by deleting reference to telephones and telegraph previously contained in section 591 of the Penal Code.

Other than as noted, the language of section 631 of the Penal Code is substantially the same as previously contained in section 640 of the Penal Code, insofar as its applicability to this proceeding is concerned.

We have set forth this brief historical review of the pertinent sections of the Penal Code because it is our view that decisions under section 640 of the Penal Code are equally applicable to the existing statute (§ 631 of the Pen. Code) and that such decisions are dispositive of the issue raised before us.

Our Supreme Court has held that a wiretap connection without the authorization of the telephone company violates section 640 of the Penal Code. In so holding, that court in *People* v. *Trieber* (1946) 28 Cal.2d 657 stated

at pages 663-664 [171 P.2d 1]: "Section 640 serves the purpose of protecting the secrecy of telegraphic and telephonic messages, not by making any subscriber the sole judge as to when and whether a connection shall be made, but by strengthening with criminal sanctions the control of the telegraph and telephone companies over their entire networks, so that a company may more effectively supervise all connections. It is of public concern that communication systems controlled by public utilities be supervised in such a manner that all persons using such facilities may be assured that their communications cannot be intercepted by means of connections made without the knowledge and direction of the company."

In *People* v. *Snowdy* (1965) 237 Cal.App.2d 677 [47 Cal.Rptr. 83] the court, basing its decision on *Trieber* came to a similar conclusion. The court states at page 681: "Section 640 applies to all persons, including subscribers. Telephone lines and equipment belong to the telephone company. The customer of the company buys service; he has no right to trespass upon the property of the company. Any connection made with a line of the company, without the consent of the company, is unauthorized."

The authorities relied upon by real parties in interest do not appear pertinent to the issue raised in this proceeding.

Let a peremptory writ of mandate issue commanding respondent superior court to annul and set aside its order granting the motion to suppress the evidence described as Exhibits 100, 101 and 102. On the record before us we cannot be quite certain that the respondent court actually found the facts, as recited herein, to be true. It may have done so for the sake of argument only, since it found for defendants on the law. The respondent court is therefore ordered to reconsider its ruling in the light of the interpretation of section 631 of the Penal Code set forth in this opinion.

Kaus, P. J., and Aiso, J., concurred.