[Crim. No. 5127. Fourth Dist., Div. One. Feb. 26, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
MARY LOUISE JONES et al., Defendants and Respondents.

## COUNSEL

Edwin L. Miller, Jr., District Attorney, William H. Kennedy, Assistant District Attorney, Richard A. Huffman, Chief Deputy District Attorney, Terry J. Knoepp and Charles R. Hayes, Deputy District Attorneys, for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Daniel J. Kremer and Mark L. Christiansen, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Appellant.

Crobarger & Tessem, Roger C. Crobarger, Dougherty & Wolfe, Wallace E. Wolfe and Gerald S. Mendell for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—The People appeal an order dismissing an indictment (Pen. Code, § 1385), following the superior court's order suppressing evidence (Pen. Code, § 1538.5).

A confidential informant told F.B.I. special agents that Mary Jones [defendant] was illegally bookmaking. In June 1971, upon application by an assistant United States attorney and a special agent, the United States District Court authorized a 20-day tap of Jones' telephone (18 U.S.C. § 2510(7)). Twenty original tape recordings of monitored telephone conversations were given to the San Diego County District Attorney and were introduced into evidence in a grand jury proceeding. The grand jury indicted Jones and other defendants with conspiracy to commit bookmaking (Pen. Code, §§ 337a, 182, subd. 1), and other related crimes. The court held the

wiretap evidence was legally obtained under the United States statute, but suppressed it, reasoning the evidence is inadmissible in California under Penal Code section 631.

Penal Code section 631 states: "Any person who . . . intentionally taps, or makes any unauthorized connection . . . with any telegraph or telephone wire . . . is punishable by a fine . . . or by imprisonment . . . or both . . . .

".    .    .    .    .    .    .    .    .    .    .    .    .    .

"Except as proof in an action, or prosecution for violation of this section, no evidence obtained in violation of this section shall be admissible in any judicial . . . proceeding."

Penal Code section 633 qualifies section 631: "Nothing in Section 631 . . . shall be construed as rendering inadmissible any evidence obtained by the above-named persons (law enforcement and police officers) . . . which they could lawfully overhear or record prior to the effective date of this chapter."

Before Penal Code section 631 was enacted, old Penal Code section 640 prohibited wiretapping. Section 640 did not provide specifically for excluding illegally obtained evidence; evidence obtained in violation of section 640 would not necessarily have been inadmissible unless a constitutional right was also violated. Penal Code section 631 specifically makes inadmissible any evidence obtained in violation of it. The exception provided by section 633 makes admissible any evidence which would have been lawfully *obtained* before enactment of section 631. Sections 631 and 633 exclude evidence which would have been excluded before enactment of section 631; also excluded is all evidence unlawfully obtained under section 631 which would have been unlawfully obtained under old section 640.

Section 631 makes unlawful any "unauthorized" wiretap. Old section 640, from which section 631 was derived, also proscribed unauthorized wiretaps. The authorization required for a legal wiretap under section 640 was the consent of the subscriber to the telephone, and the consent of the telephone company (*People* v. *Trieber,* 28 Cal.2d 657, 662-664 [171 P.2d 1]). Jones, the subscriber to the telephone bugged in this case, did not consent to the tap. The wiretap, therefore, would have been unlawful under old section 640, and the exception provided by section 633 does not apply. *Trieber's* interpretation of the word "unauthorized" applies to section 631 (*People* v. *Superior Court* [*Young*], 13 Cal.App.3d 545, 548 [91 Cal.Rptr. 699]). ■ The evidence in question, obtained without the required authorization, was unlawfully obtained under section 631, and was therefore properly excluded.

The Omnibus Crime Control and Safe Streets Act of 1968, 18 United States Code sections 2510-2520, provides, among other things, a uniform procedure for obtaining federal court authorization for phone taps. While this law has allowed federal officers to tap phones in California in a manner not authorized by state law, the purpose of the federal law is not to circumvent state law, but to "protect effectively the privacy of wire and oral communications . . . ." (Pub. L. 90-351 § 801; see 18 U.S.C.A. § 2510, Historical Note.) The area of wiretapping is subject to United States congressional legislative power under the commerce clause. Naturally, in areas of conflict, the federal law shall preempt state laws. The Congress, however, intended to allow the states to supplement the law, provided the regulations adopted are not more permissive than the federal requirements (*Halpin* v. *Superior Court,* 6 Cal.3d 885, 898-899 [101 Cal.Rptr. 375, 495 P.2d 1295]).

■ The People maintain the state law requiring the exclusion of wiretap evidence has been preempted by federal law. Since the Congress intended to allow the states to supplement the federal law, the state law will be preempted only if it conflicts with, or if it is more permissive than, the federal law. Penal Code section 631 adopts a standard for protection of privacy more stringent than the requirements of federal law, and thus will be preempted only where a conflict exists. (U.S. Const., art. VI, § 12.) The purpose of the federal law is twofold: to protect the privacy of wire and oral communications; and to establish uniform standards for judicial authorization of an invasion of that privacy (*Halpin* v. *Superior Court, supra,* 6 Cal.3d 885, 898). The California law requiring exclusion of evidence does not conflict with these provisions of the federal law. The protection of privacy afforded by the federal standard has been increased, but in no way have the federal officers' powers to gather information under federal law been diminished by California's refusal to accept information provided by federal officers.

Order affirmed.

Whelan, J., and Ault, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 25, 1973.