[Crim. No. 27144. Second Dist., Div. Four. Feb. 18, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH LEROY HOWARD, Defendant and Appellant.

## Counsel

Burton Marks, Jonathan K. Golden and Stephen Gilbert for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

DUNN, J.—By information filed in September 1972 defendant, alone, was charged under count I with selling a narcotic (cocaine) on 22 February 1972, a felony, in violation of Health and Safety Code section 11501 (now Health & Saf. Code, § 11352); count II jointly charged defendant and Roberta Moore with possessing for sale a narcotic (cocaine) on 17 March 1972, a felony, in violation of Health and Safety Code section 11500.5 (now Health & Saf. Code, § 11351); count III made the same allegation against both persons but for possessing heroin for sale; counts IV and V charged Roberta Moore, alone. Defendant pled not guilty to counts I, II and III. His codefendant's motion to sever her trial from his was granted. Ultimately, defendant pled guilty to count II, counts I and III being dismissed in furtherance of justice. Defendant was sentenced to state prison but the sentence was suspended and defendant placed upon probation under various conditions. The trial court signed a certificate of probable cause (Pen. Code, § 1237.5) permitting defendant to appeal from certain orders made prior to judgment, i.e.: on his motion to set aside his guilty plea and on his motion to produce the informant. In his notice of appeal, however, defendant appeals from the judgment and only from the order denying his motion to withdraw his plea of guilty, thus eliminating (*People* v. *Castro* (1974) 42 Cal.App.3d 960, 965 [117 Cal.Rptr. 295]) from his notice of appeal the other order made prior to judgment. Defendant may, and does, argue the merits of his motion to traverse a search warrant and to suppress evidence, the motion having been made pursuant to Penal Code section 1538.5.

■ Defendant first contends the trial court erred by denying his motion to dismiss made on the basis of the alleged failure of the police "to undertake reasonable efforts to obtain information by which the defense could locate the participating informant." The motion was made pursuant to *Eleazer* v. *Superior Court* (1970) 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42]. We review this order to an extent (Pen. Code, § 1259; and see Pen. Code, § 1237) even though no direct appeal was taken from it. Defendant had filed a formal motion seeking disclosure of the

whereabouts of informant, Cortis Toney. The record discloses that Police Officer Stanford E. Nelson had made an affidavit for the search warrant and that he testified at a hearing, disclosing efforts he made to find Toney.

However, "[a]n order denying a motion to disclose the identity of an informant is not subject to review on appeal after the defendant has entered a plea of guilty [citation]. This is so because the purpose of the motion relates solely to the defendant's guilt or innocence, an issue which is removed by the guilty plea. A judgment entered upon a plea of guilty is not appealable on the merits, and irregularities not going to jurisdiction or to the legality of the proceedings will not be reviewed [citation]." (*People* v. *Castro, supra,* 42 Cal.App.3d at p. 963; also see *People* v. *Archuleta* (1971) 16 Cal.App.3d 295, 299 [93 Cal.Rptr. 881].) Defendant's claim to the right to review the outcome of his motion fails, particularly since he made the right to such review no part of his plea bargain.

Defendant seeks to distinguish *Castro* and *Archuleta* on the ground that those cases dealt with disclosure of an informant's identity, whereas, here, the question was not disclosure but the efforts of the police to maintain contact with Toney. We reject the assumed distinction. The same reasons apply and, therefore, the same rule.

■ Defendant next claims the trial court erred in denying his motion (Pen. Code, § 1538.5) to suppress the use of money as evidence. The money was discovered and seized in apartment No. 6 at 1118 South Fairfax Avenue in Los Angeles. Police Officer Willie Tusan, Jr., armed with a search warrant, seized $1,845 in money, of which $630 was in funds having numbers prerecorded by the police. Defendant contends that the search warrant did not mention currency[1] (although the affidavit did).

We disagree with appellant's conclusions. The warrant, although not mentioning "currency," did mention "articles of personal property tending to establish the identification of person or persons having dominion or control" of the premises. "Currency" would seem to qualify

---

[1]Penal Code section 1540 reads, in part: "If it appears that the property taken is not the same as that described in the warrant . . . the magistrate must cause it to be restored to the person from whom it was taken."

as personal property.[2] We believe the warrant's language was adequate to describe the money seized and there was no error on the trial court's part in declining to suppress it as evidence.

■ Next, defendant contends the affidavit supporting the issuance of the search warrant fails to establish probable cause to search apartment No. 6 at 1118 South Fairfax Avenue in Los Angeles.

Rules for examining affidavits are many. In *Aguilar* v. *Texas* (1964) 378 U.S. 108, 114 [12 L.Ed.2d 723, 729, 84 S.Ct. 1509], (cited in *Halpin* v. *Superior Court* (1972) 6 Cal.3d 885, 888 [101 Cal.Rptr. 375, 495 P.2d 1295]), it is said that such an affidavit may be based upon hearsay information, but the affidavit must inform the issuing magistrate of (1) some of the underlying circumstances from which the informant concluded that narcotics were where he claimed they were and (2) some of the underlying circumstances upon which the affiant concluded that the informant was reliable.

In our case, there is no contention that informant No. 3 was not reliable. Indeed, the affidavit clearly shows the basis of the affiant officer's conclusion that informant No. 3 was reliable. (See *Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584].)

It is as to the informant's information that defendant objects, having raised the issue by the traverse of the warrant. The affidavit indicates that on 22 February 1972, with informant No. 3's consent, affiant police officer listened to a telephone call made by the informant to defendant. Defendant was out at the time but was requested to return the call. He soon did, the voice stating, "This is 'K-9.'" "K-9" was a nickname of defendant listed on official police records. The informant made arrangements to meet defendant (K-9) and did so at 1118 South Fairfax Avenue, apartment No. 6; defendant exited, entered the informant's automobile and, soon thereafter, the informant produced for the police officers 20 grams of cocaine telling them that defendant had sold it to him for $650 of the $700 previously handed to him by the affiant. The informant further stated that, at the time of the sale, defendant had told him that he

---

[2] Civil Code section 663: "Every kind of property that is not real is personal."

Penal Code section 7: ". . . The following words have in this code the signification attached to them in this section . . . : 12. The words 'personal property' include money . . . ."

Code of Civil Procedure section. 17, reads in part: "The following words have in this code the signification attached to them in this section . . . .: 3. The words 'personal property' include money . . . ."

need not state on the telephone how much narcotics he wanted but ". . . just come over after the call and I'll have it for you."

Defendant argues that the foregoing is insufficient to provide a magistrate with probable cause to believe that 1118 South Fairfax Avenue, apartment No. 6, was a "stash pad" (location) belonging to defendant. Citing *Irwin* v. *Superior Court* (1969) 1 Cal.3d 423 [82 Cal.Rptr. 484, 462 P.2d 12], defendant argues that the fact police officers saw him two or three times leaving the premises is insufficient, because (p. 427 of *Irwin*): "Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. . . ". While defendant makes a correct statement of the law, his attempted application of it to these facts is not correct, since it overlooks the telephone call to defendant, his return of the call and defendant's statement that the informant need not state on the telephone how much narcotics he wanted; rather "just come over."

Defendant next contends that affiant's (Police Officer Nelson's) statement that he "recognized 'K-9's' voice as that of defendant must be stricken from the affidavit as evidence obtained in violation of Penal Code § 631."[3]

Despite contrary inferences in *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 100-101 [104 Cal.Rptr. 226, 501 P.2d 234], we cannot "strike" or "excise" portions of the affidavit; we assume defendant's contention is that the statement of Nelson, i.e.: that he recognized defendant's voice, should have been ignored by the magistrate and that we must hold it to be irrelevant on the ground that Nelson's identification of defendant's voice was based upon illegally obtained prior knowledge, in that such prior knowledge was acquired pursuant to a federally authorized wire tap; the fact that a wire tap had been authorized by a federal judge does

---

[3]Penal Code section 631 reads, in part: "(a) Any person who . . . taps . . . any . . . telephone . . . line . . . or who . . . without the consent of *all* parties to the communication . . . attempts . . . to learn the contents or meaning of any message . . . or who uses, or attempts to use . . . any information so obtained . . . is punishable . . . [¶] (c) . . . no evidence obtained in violation of this section shall be admissible in any . . . proceeding." (Italics added.)

However, Penal Code section 633 appears to except the necessity of *all* parties consenting, where one party consents and the overhearing was considered to be lawful before the effective date of the statutory law. (See *People* v. *Mabry* (1969) 71 Cal.2d 430, 440-442 [78 Cal.Rptr. 655, 455 P.2d 759]; *People* v. *Malotte* (1956) 46 Cal.2d 59, 64 [292 P.2d 517]; *People* v. *Coyle* (1969) 2 Cal.App.3d 60 [83 Cal.Rptr. 924]; and *People* v. *Canard* (1967) 257 Cal.App.2d 444, 464 [65 Cal.Rptr. 15].)

not make such evidence admissible in California courts (*People* v. *Jones* (1973) 30 Cal.App.3d 852 [106 Cal.Rptr. 749]).

While we do not disagree with *Jones* this does not mean that we must ignore the information given to the officer by reliable informant No. 3, or that we must ignore the fact that "K-9" was shown on official police records to be defendant or that K-9 soon returned the informant's telephone call. We conclude that, even if we were to ignore the part of the affidavit to which defendant makes objection, the affidavit stated ample grounds for giving to the magistrate probable cause to issue the warrant. First, the part of the affidavit to which defendant directs our attention, relates to a conversation between the informant and defendant taking place on March 14 or 15, 1972, not on February 22, 1972. Next, are the additional facts already recited.

Finally, defendant avers that "personal papers seized at the apartment were not specified in the warrant and therefore should have been suppressed." Defendant relies, chiefly, upon *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238, 249 [118 Cal.Rptr. 166, 529 P.2d 590].

We need not analyze *Burrows* v. *Superior Court, supra,* 13 Cal.3d, against the warrant inasmuch as the only item involved is exhibit No. 7, a traffic ticket bearing defendant's name, and the other evidence was ample to show that defendant, even if he did not live at apartment No. 6, nevertheless spent much time and "stashed" narcotics there, inferentially indicating a sufficient degree of control over the premises as to justify issuance of the warrant. The seizure of the paper was inconsequential under the evidence. Additionally, it would appear that even if the seizure were unconstitutional the item seized was severable from other items. (*Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 797 [13 Cal.Rptr. 415, 362 P.2d 47].)

The order for probation (judgment) is affirmed.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied March 3, 1976, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1976.