[No. G000786. Fourth Dist., Div. Three. Oct. 30, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE RICHARD HOLMSEN, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976(b), parts I, II, IV and V are not published, as they do not meet the standards for publication.

COUNSEL

Edwin S. Saul for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Jay M. Bloom, John W. Carney and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SONENSHINE, Acting P. J.**—Dale Richard Holmsen appeals the denial of his motion to suppress evidence (Pen. Code, § 1538.5, subd. (m)) after

pleading guilty to possession of cocaine (Health & Saf. Code, § 11350). He makes four contentions: (1) traversal of the search warrant affidavit demonstrated the warrant was not supported by probable cause; (2) the warrant is overbroad; (3) certain items seized should have been suppressed because they were outside the scope of the warrant; and (4) polygraph evidence was erroneously excluded from the hearing on the motion to suppress. The second contention has merit.

### I-II*

· · · · · · · · · · · · · · · · · · · · · · · ·

### III

We requested further briefing on the issue of the search warrant's overbreadth in light of our Supreme Court's recent decision in *People* v. *Frank* (1985) 38 Cal.3d 711 [214 Cal.Rptr. 801, 700 P.2d 415]. We conclude the warrant suffers from overbreadth and consequently reversal is required.

As the foregoing suggests, *Frank* deals with overbreadth in search warrants. The warrant in *Frank* contained 16 separate clauses permitting the seizure of a wide array of items. The existence of some of these items could properly be inferred from the information in the affidavit, but the *Frank* court identified three clauses permitting the examination and seizure of virtually any document in Frank's residence. (See *id.*, at pp. 722-723.) At the suppression hearing, it was established by the testimony of law enforcement personnel present at the warrant's execution that virtually every document in the residence was indiscriminately seized without regard to the warrant.

The lead opinion in *Frank*[10] indicates the warrant suffered from two species of overbreadth: (1) it did not place a meaningful restriction on the things to be seized, and (2) it permitted the seizure of items for which no probable cause was demonstrated in the affidavit. In our view, the *Frank's* plurality does not break with established precedent, nor dramatically expand it. Rather, it emphasizes the important ramifications of meaningfully re-

---

*See footnote 1, *ante,* page 1045.

[10]The lead opinion is authored by Justice Mosk with Justice Broussard concurring. Justice Reynoso concurred in the judgment. Chief Justice Bird authored a concurring and dissenting opinion which concurs in this portion of Justice Mosk's opinion. Even Justice Kaus' concurring and dissenting opinion, joined by Justice Grodin, appears to concur the warrant was overbroad. Justice Kaus simply felt the contention had not been properly preserved for appeal by proper objection in the trial court.

stricting unlimited searches and seizures by scrutinizing warrants for over-breadth. (See also *People* v. *Superior Court (Williams)* (1978) 77 Cal.App.3d 69, 77 [143 Cal.Rptr. 382].)

The warrant in the present case authorized the seizure of the following items: "Cocaine, a controlled substance and items used in the packaging, weighing, and preparation of cocaine for sale; papers showing or tending to show the trafficking of cocaine; personal phone books to identify co-conspirators, papers to show control of the residence, including rent receipts and utility bills; keys to the premises and money gained from the illegal sale of controlled substances."

There is a serious question whether the warrant placed a meaningful re-striction on the things to be seized. The phrase "papers to show control of the residence," not unlike the clauses condemned in *Frank,* could permit the seizure of virtually any document. (See also *Aday* v. *Superior Court* (1961) 55 Cal.2d 789 [13 Cal.Rptr. 415, 362 P.2d 47], disapproved on another ground in *Hicks* v. *Miranda* (1975) 422 U.S. 332, 346, fn. 15 [45 L.Ed.2d 223, 237, 95 S.Ct. 2281].) Nevertheless, while the *Frank* court criticized the dominion and control clause of that warrant (*id.*, at p. 728, fn. 2 [45 L.Ed.2d at p. 231]), we do not read the opinion as invalidating such clauses altogether. (See also *People* v. *Superior Court (Williams), supra,* 77 Cal.App.3d 69, 77, disapproved on other grounds in *People* v. *Superior Court (Meyers)* (1979) 25 Cal.3d 67, 76-77, fn. 9 [157 Cal.Rptr. 716, 598 P.2d 877]; *People* v. *Howard* (1976) 55 Cal.App.3d 373, 376-377 [127 Cal.Rptr. 557].) Rather, the court was critical of the inclusion of traffic tickets, when there was no indication of their existence.

But more important here, this warrant permitted the seizure of items for which no probable cause was demonstrated in the affidavit. There is no indication why "papers showing or tending to show the trafficking of co-caine" were likely to exist. Nor was there any indication of a narcotics *conspiracy,* hence there was no probable cause to believe there might be "personal phone books to identify co-conspirators."

■ But, as Justice Kaus indicated in the dissenting portion of his opinion (see *People* v. *Frank, supra,* 38 Cal.3d 711, 757-760), we do not read *Frank* as changing a well established rule: Even when a warrant is overbroad *in part,* evidence will not be suppressed if it was seized pursuant to a portion of the warrant which was *not.* (See *Aday* v. *Superior Court, supra,* 55 Cal.2d 789, 797; see also *People* v. *Atkins* (1982) 128 Cal.App.3d 564, 570 [180 Cal.Rptr. 440].) ■ Here, for instance, there was probable cause for the seizure of cocaine. However, from this record, we cannot tell

whether all the items seized were taken under a valid portion of the warrant or an invalid one.

Hence, the trial court erred when it failed to declare a portion of the warrant void as overbroad. Cocaine was perhaps validly seized pursuant to the warrant. ■ But we are precluded on review after a guilty plea from applying a harmless error standard. Where the trial court has erred in any manner in its suppression ruling, the plea must be vacated and the matter remanded for further proceedings. We cannot second-guess the effect of the suppression of even an apparently innocuous item of evidence. It may affect the defendant's tactical choices and even the decision to plead or go to trial. (See *People* v. *Miller* (1983) 33 Cal.3d 545 [189 Cal.Rptr. 519, 658 P.2d 1320]; *People* v. *Rios* (1976) 16 Cal.3d 351 [128 Cal.Rptr. 5, 546 P.2d 293].) The matter must be remanded for further proceedings to determine which, if any, items must be suppressed as a result of defects in the warrant. (See, e.g., *People* v. *Superior Court (Quinn)* (1978) 83 Cal.App.3d 609, 618 [147 Cal.Rptr. 921]; cf. also *People* v. *Brooks* (1980) 26 Cal.3d 471, 483 [162 Cal.Rptr. 177, 605 P.2d 1306]; *People* v. *Cella* (1981) 114 Cal.App.3d 905, 914 [170 Cal.Rptr. 915].)

IV-V*

· · · · · · · · · · · · · · · · · · · · · · · ·

The judgment is reversed and the cause remanded to the superior court. That court is directed to vacate the guilty plea if appellant makes an appropriate motion within 30 days after this opinion becomes final.[15] In that event, the court should reinstate the original charge contained in the information, if the prosecution so moves, and conduct further proceedings in accordance with the views expressed in this opinion. If no such motion is filed by appellant, the trial court is directed to reinstate the original judgment.

Crosby, J., and Wallin, J., concurred.

A petition for a rehearing was denied November 20, 1985, and respondent's petition for review by the Supreme Court was denied February 20, 1986. Mosk, J., Lucas, J., and Panelli, J., were of the opinion that the petition should be granted.

---

*See footnote 1, *ante,* page 1045.

[15]Inasmuch as Holmsen has not achieved an unqualified victory, we acknowledge the possibility he may choose to retain the disposition of the case he has already achieved, particularly because he in essence has been absolved of *trafficking* in cocaine.