[No. G002037. Fourth Dist., Div. Three. May 29, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
DUVAN LOPEZ, Defendant and Respondent.

## COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, William W. Bedsworth and Jan J. Nolan, Deputy District Attorneys, for Plaintiff and Appellant.

Schulman & McMillan and Marshall M. Schulman for Defendant and Respondent.

## OPINION

**CROSBY, J.**—Must evidence seized pursuant to a search warrant be suppressed where the affiant officer essentially bases his opinion as to the reliability of the informant on a "track record" supplied by other officers? *No.*

I

In this narcotics prosecution, Huntington Beach Officer Carl Vidano presented an affidavit in support of a search warrant to a magistrate on November 19, 1983, seeking to search an individual and residence for cocaine. In the affidavit Vidano described himself as a sergeant who has worked in narcotics enforcement for a total of 10 years and has "participated in hundreds of arrests of persons for violations of controlled substance laws and . . . testified as an expert in this field . . . on over 75 occasions."

Vidano stated he was contacted by a confidential reliable informant the same day who told him a male Colombian living in Yorba Linda was a

"major dealer in cocaine." The suspect was identified as Julian Jaramillo, also known as Danny Lopez. Jaramillo and his girlfriend Lucy recently moved to Yorba Linda from Long Beach; and within the past six days the informant had observed a large clear plastic bag of the freezer variety containing high quality Colombian cocaine in their home. In addition Jaramillo had another kilo of cocaine in a brown paper bag. Jaramillo told the informant he had additional kilos for sale at $1,500 an ounce and $20,000 a pound.

The critical language of the affidavit with respect to this appeal is the following: "I state that [the informant] is a reliable informant due to the fact that I contacted Special Agent Rex McMillan, Federal Drug Enforcement Administration and Detective Larry LeRay, Orange County Sheriff's Department and ascertained that during the past three years, [the informant] has supplied information to these investigators on at least three occasions which resuled [sic] in the arrest of at least ten individuals, the seizure of multi-pounds of cocaine, quantities of heroin and methqualone, and convictions on these cases in federal or the state courts. [¶] I state that [the informant] has prior felony convictions, no monetary compensation is being given, but that [the informant] is receiving consideration of [sic] a pending felony investigation which has not been filed with the courts at this time."

The affidavit closed, "I state that, based on my experience and expertise, the information supplied to me by [the informant], and corroboration of this information, I believe that there are additional quantities of cocaine on the premises to be searched as described above, along with packaging materials, scales, records of sales and money from those sales, and that the quantity of cocaine believed to be on the premises constitutes a felony." Because Vidano had only met the informant the day the affidavit was prepared and gave his opinion that he was reliable based solely on facts related to him in the unsworn statements of other officers, the superior court determined the affidavit itself was essentially unsworn in a critical aspect and granted the defense motion to quash.

## II

The order must be reversed. Under the "totality of the circumstances" test of *Illinois* v. *Gates* (1983) 462 U.S. 213 [76 L.Ed.2d 527, 103 S.Ct. 2317], the magistrate had sufficient cause to issue the warrant. Vidano swore to the information he received from the other officers and named them. He also described the criminal background of the informant and his consideration for cooperating. Finally, based on all the information he had received, Vidano personally vouched for the reliability of the informant. No suggestion

is made that the information itself, if believed, was otherwise inadequate to demonstrate probable cause.

We need not decide whether the warrant could have met the two-pronged *Aguilar-Spinelli* test overturned in *Gates* (*Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584]; *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509]); but we believe so. *Aguilar-Spinelli* required proof of personal knowledge on the part of the informant and evidence of his reliability. But an officer may generally depend on information received in official channels to develop probable cause either for a search warrant affidavit or a search or arrest without warrant. (See, e.g., *People* v. *Ruster* (1976) 16 Cal.3d 690, 702 [129 Cal.Rptr. 153, 548 P.2d 353], disapproved on another point in *People* v. *Jenkins* (1980) 28 Cal.3d 494, 504, fn. 9 [170 Cal.Rptr. 1, 620 P.2d 587]; *People* v. *Terry* (1970) 2 Cal.3d 362, 394 [85 Cal.Rptr. 409, 466 P.2d 961].)

If an officer can infer facts going to probable cause from the observations of other officers placed in official channels, it would seem to follow that the reliability of an informant may be similarly documented and deduced by a police affiant not personally familiar with him. How else could an informer's "track record" be accumulated where he has performed flawlessly on hundreds of occasions, but each time with a different officer? No matter. After *Gates,* which itself dealt with an anonymous tipster, the reliability of an informant is simply part of the information to be evaluated under the totality of the circumstances test. This affidavit, as discussed above, easily meets that test.

Moreover, the combined effect of Proposition 8, *In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744], and *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405] is to eliminate the availability of the exclusionary rule in good faith searches pursuant to warrant, despite a subsequent finding that the warrant was invalid. And, following a spate of recent cases, we *can* determine here, unlike our decision in *Higgason* v. *Superior Court* (1985) 170 Cal.App.3d 929 [216 Cal.Rptr. 817], that this warrant was not procured or served in bad faith. (*People* v. *MacAvoy* (1984) 162 Cal.App.3d 746, 763 [209 Cal.Rptr. 34]; *People* v. *Helmquist* (1984) 161 Cal.App.3d 609, 618 [207 Cal.Rptr. 718]; see also *People* v. *Neer* (1986) 177 Cal.App.3d 991, 1001 et seq. [223 Cal.Rptr. 555] (dis. opn. of Crosby, J.).)

From a reasonable reading of this affidavit, Vidano properly relied on specific firsthand information concerning the informant's background from two officers of different agencies to form an opinion as to his reliability

and the veracity of his story. Thus, the affidavit was adequate, at least under *Gates;* and *Leon* would deny the remedy of exclusion in any event.

Because the court granted the motion to quash based only on a review of the warrant on its face, the defense motion to traverse has yet to be heard.[1] At that time and upon a proper showing, any subjective evidence of bad faith may be presented and considered under the applicable rules. (See *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674].)

The judgment is reversed with directions to proceed in accordance with this opinion.

Trotter, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied June 17, 1986, and respondent's petition for review by the Supreme Court was denied August 14, 1986. Bird, C. J., was of the opinion that the petition should be granted.

---

[1]Lopez complains the trial court's rulings on his discovery requests will frustrate his ability to traverse the warrant; but that issue is not properly before us in a prosecution appeal on a different, though related, subject. He is also premature. The traversal hearing has yet to occur, and we have no adequate record to evaluate the defense claim of prejudice.

Lopez also attacked the warrant as overbroad at oral argument for the first time on appeal. (See *People* v. *Holmsen* (1985) 173 Cal.App.3d 1045 [219 Cal.Rptr. 598].) But that issue was not briefed here by the parties, as it was in *Holmsen*. Also, unlike the procedural posture in *Holmsen,* we shall have an opportunity to review that issue, if necessary, in a subsequent defense appeal. The *only* issue resolved in this proceeding is that addressed in the opening paragraph of this opinion.