[No. B026457. Second Dist., Div. Five. Mar. 11, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
LEWIS HANSBOROUGH, JR., Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Arnold T. Guminski and Lorraine A. Silvers, Deputy District Attorneys, for Plaintiff and Appellant.

Alan Fenster and Jerald W. Newton for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**[*]—The People appeal from an order dismissing an information alleging defendant possessed cocaine for sale (Health & Saf. Code, § 11351), following an order quashing a search warrant (Pen. Code, § 1538.5).

The People contend: The magistrate had a substantial basis for concluding that probable cause existed; and, even if the search warrant affidavit was insufficient, the exclusionary rule should not be applied because the affiant acted in good faith and in objectively reasonable reliance on the warrant.

Defendant moved to suppress evidence recovered during the February 6, 1986, execution of a search warrant issued on January 31, 1986. The ground for the motion was, inter alia, that the warrant was issued without reasonable or probable cause.

The search warrant authorized the search of the premises located at 1232 West 99th Street and 1245 West 99th Street, apartment No. 4, in the City and County of Los Angeles. It also authorized the search of defendant's person.

At the hearing on the motion to quash, the trial court reviewed the contents of the search warrant. Los Angeles Police Officer Robert Tolmaire stated in pertinent part in the affidavit supporting the warrant: "Between the date of 01-23-86 and 01-28-86, I met with a confidential reliable

---

[*] Retired Associate Justice of the Court of Appeal sitting under asignment by the Chairperson of the Judicial Council.

informant, hereafter, called the C.R.I. The C.R.I. is reliable because he/she gives me information more than two (2) times in the past month about sales of cocaine, and each time the information has resulted in a search warrant being issued and served, with seizures of quantities of cocaine, arrest and filing with the District Attorney's Office. None of the information has been false or misleading. [¶] The CRI told me that a person known to he/she as 'Louis Hasborough' and described as a male negro 20-22 years old, 5-6/5-8 tall, thin, is selling quantities of cocaine from two residences 1245 West 99th Street Apt #4, Los Angeles and 1232 West 99th Street, Los Angeles. [¶] The CRI told me that within 5 days prior to me receiving this information, that he/she has been inside of the locations (two rock houses) and saw cocaine being prepared for sale and saw 'Louis' sell the cocaine to customers. [¶] The CRI also told me that he/she knows cocaine users who tell him/her that the cocaine they buy from 'Louis', at the locations gives them the desired effect which is the same effect they get when they have used cocaine on other occasions. [¶] The CRI is a self admitted cocaine user and I have questioned him/her carefully about identity, use, preparation, packaging, sale and price of cocaine. The CRI was quite knowledgeable about cocaine. The CRI said that he/she saw numerous rocks of cocaine on a plate in the livingroom at 1232 West 99th Street. The CRI said that he/she saw a large bag of powder cocaine in the bedroom at 1245 West 99th Street, Apt #4. The CRI said that 'Louis' operates both rock houses. . . . [¶] From the information contained in this affidavit, your affiant has formed the expert opinion that rock cocaine is presently at the locations. That this is a continuing drug operation and that the supply of said narcotic contraband will be replenished after being sold."

No other evidence was adduced at the hearing.[1]

It was defendant's contention at the suppression hearing that there was no corroboration of the informant's tip and the officer's allegations the informant had given him two recent earlier tips which resulted in seizures of contraband were too conclusionary and otherwise were insufficient to establish the informant's tip was reliable. Defendant also asserted that, pursuant to *United States* v. *Leon,* the good faith exception to the exclusionary rule did not apply since no officer could reasonably rely on the untested information the officer used to obtain the warrant. (*United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405].)

At the suppression hearing the People urged the allegations in the warrant were sufficient to show the reliability of the informant under the

---

[1] Defendant fails to state with specificity in his motion the evidence he wishes suppressed, and the return to the search warrant is not included in this record.

"totality of circumstances" test. (*Illinois* v. *Gates* (1983) 462 U.S. 213 [76 L.Ed.2d 527, 103 S.Ct. 2317].) The People also urged that the issue to be addressed by the trial court was whether the magistrate had a reasonable basis for issuing the warrant on the information contained in the officer's affidavit.

The court quashed the warrant without commenting as to the good faith exception to the exclusionary rule. It reasoned: "After the fact scrutiny by the court of sufficiency of an affidavit should not take the form of de novo review. [¶] . . . I find as follows: From the totality of the cases that have been referred to this morning, I am left with the following interpretation of them. And this is as it relates to this case, this warrant. [¶] The word of an informant, even though deemed reliable by the court—and for the record, I find that the informant in this case is reliable—is not, in and of itself, sufficient to justify the search, absent some showing of veracity of the current information being given. [¶] I find, therefore, that there must be some corroboration as to whether or not an informant is deemed reliable, unreliable or untested, relates to the degree of corroboration that is necessary. [¶] An untested informant requires a greater degree of corroboration. A tested reliable informant requires a lesser degree, to wit, even corroboration of innocent facts. [¶] And for that reason, I find that the affidavit is insufficient."

After the court granted the motion to quash, the People stated they were unable to proceed. Defense counsel made a motion to dismiss. The court granted the motion.

██, ██ "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed. [Citation.]" (*Illinois* v. *Gates, supra,* 462 U.S. at pp. 238-239 [76 L.Ed.2d at p. 548].)

██ In determining whether there was probable cause to issue the warrant, ". . . an informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report. . . . [T]hese elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case . . . [but] understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe

that contraband or evidence is located in a particular place." (*Id.* at p. 230 [76 L.Ed.2d at p. 543].)

The court in *Illinois* v. *Gates* required trial courts to use a more practical, nontechnical conception in reviewing determinations of whether probable cause is stated in a warrant and expressly rejected the use of "any rigid demand that specific 'tests' be satisfied by every informant's tip." (*Id.* at p. 231 [76 L.Ed.2d at pp. 543-544].)

■ By requiring corroboration of a reliable informant, the trial court imposed a more stringent test for probable cause than the former *Aguilar-Spinelli* two-pronged test. (*Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584]; *Aguilar* v. *Texas* (1964) 378 U.S. 108 [12 L.Ed.2d 723, 814 S.Ct. 1509].) The trial court also formulated a specific, rigid test to determine if the affidavit stated probable cause, the very type of test of probable cause condemned by the court in *Gates*. The trial court properly should have applied the totality of circumstances test.

■ Examining the facts under the totality of circumstances test, the affiant stated the detailed information the informant provided the officers about the location to be searched and defendant. The affiant also stated the informant had twice within the last two months given him information leading to the seizure of cocaine, arrests and the filing of informations with the district attorney's office. The officer further stated the information provided by the informant had not been false or misleading.

It would have been the better practice for the affiant to have stated the details surrounding the informant's reliability in a more factual fashion. However, this court is required to interpret the affidavit in a commonsense, rather than a hypertechnical manner. (*Illinois* v. *Gates, supra,* 462 U.S. at pp. 237, fn. 10, 239 [76 L.Ed.2d at pp. 547, 548-549].) ■ It is also required to follow the dictate that "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded warrants." (*Id.* at p. 237, fn. 10 [76 L.Ed.2d at p. 547].)

Accordingly, this affidavit is sufficiently factual so as to require the trial court and this court to find there is a substantial basis stated in the affidavit for the conclusion there was probable cause to issue the warrant. (*People* v. *Lopez* (1986) 181 Cal.App.3d 842, 844-845 [226 Cal.Rptr. 714]; see *People* v. *Metzger* (1971) 22 Cal.App.3d 338, 345-346 [99 Cal.Rptr. 264]; *People* v. *Tillman* (1965) 238 Cal.App.2d 134, 137-138 [47 Cal.Rptr. 614].)

■ There is no need to reach the issue of whether the good faith exception to the Fourth Amendment exclusionary rule is applicable in light

of our conclusion the magistrate properly determined there was sufficient probable cause to issue the search warrant.

The order quashing the warrant and dismissing the information is reversed. The matter is remanded to the trial court for further proceedings.

Ashby, Acting P. J., and Boren, J., concurred.