[No. A047040. First Dist., Div. One. Nov. 19, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS AARON CLELAND, Defendant and Appellant.

COUNSEL

Thomas B. Taggart, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Joan Killeen Haller, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McCARTY J.**[*]—A defendant convicted by plea of possession of methamphetamine and marijuana for sale challenges the validity of the search warrant pursuant to which police seized the evidence against him.

*Facts*

On September 19, 1988, Detective Don Hoffman of the Concord Police Department executed an affidavit in support of a search warrant for 5082 Kenmore Drive, apartment 4, in Concord. The first portion of the affidavit details Hoffman's training and experience during his seven years as a police officer, which form the basis for his expertise in the enforcement of narcotics laws. The affidavit then recites the following facts. Hoffman knew from reading a police report that nine days earlier, on September 10, 1988, Officer R. Thompson of the Concord Police Department stopped Kori Bolin for jaywalking. Bolin told Thompson that he had no written identification in his possession. A warrant check by Thompson revealed three outstanding warrants for Bolin's arrest, two of them with no bail. Thompson arrested Bolin on those warrants. Searches of Bolin's person revealed that Bolin was carrying 12 small baggies of marijuana. Bolin refused to talk to the police about the marijuana. During the booking process Bolin gave 5082 Kenmore Drive, apartment 4, in Concord as his home address and gave his telephone number.

Subsequently, Hoffman examined and weighed the marijuana which Bolin had been carrying. Its weight and estimated value, plus the fact that Bolin had $451 in cash but no paraphernalia for marijuana use, led Hoffman to conclude that the marijuana was possessed for sale. Hoffman called the telephone number. Without identifying himself as a police officer, he spoke with a person with a man's voice who identified himself as Jude. Jude told Hoffman that Bolin was not at home, that he was in jail.

---

[*] Assigned by the Chairperson of the Judicial Council.

According to Hoffman's affidavit, "Jude did confirm that Kori Bolin lived with him." Later, in court, Hoffman admitted that Jude had implied this confirmation.

Hoffman learned from Pacific Gas and Electric Company (PG&E) that Jude Czibok had been the PG&E subscriber at 5082 Kenmore Drive, apartment 4, in Concord since June 30, 1988, and that PG&E records confirmed Czibok's telephone number. Hoffman learned from the Department of Motor Vehicles that Bolin's address of record with that agency was 5725 Laurelwood Place in Concord. Hoffman's check of Bolin's arrest records revealed three arrests for possession of a controlled substance, one arrest for possession of hashish, one arrest for possession of less than one ounce of marijuana, and one arrest for selling dangerous drugs. Hoffman learned from the Contra Costa County Probation Department that Bolin's probation for drunk driving and for possession of a controlled substance had been revoked on July 11, 1988.

Hoffman's affidavit includes the opinion that "[p]eople who sell marijuana often keep additional amounts in their homes . . . ." Nor does the affidavit stop with this conclusion. Hoffman explains that purveyors of marijuana are unlikely to carry their entire inventory on their persons because of the risk of loss through robbery by customers or through arrest by the police, and the likelihood that a large seizure at the time of such an arrest will result in a stiffer criminal penalty.

A warrant commanding a search of 5082 Kenmore Drive, apartment 4, in Concord issued on September 19, 1988. Evidence produced at defendant's preliminary hearing revealed the following additional facts. Hoffman and other officers executed the warrant 10 days later on September 29, 1988. Jude Czibok and defendant were on the premises. Czibok told Hoffman that he had rented the bedroom formerly occupied by Bolin to defendant, who had moved in about two weeks earlier. The officers arrested defendant on account of marijuana and suspected cocaine which they found in that bedroom. A search incident to that arrest revealed additional marijuana on defendant's person.

### Procedural History

An information filed April 4, 1989, in Contra Costa County Superior Court charged defendant with one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and one count of possession of marijuana for sale (Health & Saf. Code, § 11359). The court denied defendant's motions to suppress evidence (Pen. Code, § 1538.5) and to set aside the information (Pen. Code, § 995). On August 16, 1989, defendant pleaded

guilty to both counts of the information. Imposition of sentence was suspended and defendant was placed on probation for a period of three years, on several conditions, including one hundred eighty days of confinement in the county jail. The county jail condition is stayed pending the current appeal.

## Discussion

■ Defendant contends that Hoffman's affidavit did not set forth facts sufficient to establish probable cause to search 5082 Kenmore Drive, apartment 4.

*U.S.* v. *Terry* (9th Cir. 1990) 911 F.2d 272 is pertinent here. In its discussion of a search warrant issue, the *Terry* court stated:

"I. *Probable Cause to Issue Search Warrant*

"A. Standard of Review

"A magistrate's determination of probable cause to issue a search warrant is accorded great deference and is reversed only if that determination is clearly erroneous. [Citation.] '[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a "substantial basis for . . . conclud[ing]" that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more.' [Citations.] 'In borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it.' [Citation.]

"B. Legality of the Warrant

"The warrant in this case was based on the Wertman affidavit. The affidavit contained two bases for probable cause: 1) the results of the search of Terry's truck; and 2) Agent Wertman's past experience that methamphetamine drug traffickers keep drugs, paraphernalia, records and money in their homes or adjoining structures.

"A magistrate is permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense. [Citations.] He 'need not determine that the evidence sought is *in fact* on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . . . The magistrate need only conclude that it would be reasonable to seek the evidence in the

place indicated in the affidavit.' [Citation.] Moreover, 'a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found.' [Citation.]

"The Ninth Circuit has recognized that '[i]n the case of drug dealers, evidence is likely to be found where the dealers live.' [Citation.] Under the law of this circuit, then, Agent Wertman's first hand knowledge of Terry's possession of methamphetamine and his experience with other drug dealers provided the magistrate with 'a reasonable ground to believe' that contraband might be found in Terry's residence. [Citation.] We find, therefore, that the magistrate had a substantial basis for finding probable cause and issuing the warrant to search Terry's home." (*U.S.* v. *Terry, supra*, 911 F.2d at pp. 275-276.)[1]

Defendant contends that Hoffman's affidavit is insufficient under *United States* v. *Stout* (N.D. Cal. 1986) 641 F.Supp. 1074. The *Stout* court concluded that "the mere fact that [a suspect] was arrested with a large amount of cocaine" could not justify the issuance of a search warrant for her residence. (*Id.*, at p. 1078; cf. *United States* v. *Flanagan* (5th Cir. 1970) 423 F.2d 745, 747.) However, *Terry* demonstrates that a seizure of a significant amount of contraband from a suspect's person, combined with an expert's opinion as to the likelihood that additional contraband might be found at that suspect's residence, *can* justify the issuance of a search warrant for that suspect's residence.

 Defendant contends "[T]he search warrant under consideration here was stale when issued and was stale when executed."

"[A]n affidavit in support of a search warrant must provide probable cause to believe the material to be seized is still on the premises to be searched when the warrant is sought." (*People* v. *Mesa* (1975) 14 Cal.3d 466, 470 [121 Cal.Rptr. 473, 535 P.2d 337].) If it does not, the affidavit fails to demonstrate probable cause for the search. (*Rodriguez* v. *Superior Court* (1988) 199 Cal.App.3d 1453, 1464 [245 Cal.Rptr. 617].)

---

[1] First quote from *Illinois* v. *Gates* (1982) 462 U.S. 213, 236 [76 L.Ed.2d 527, 547, 103 S.Ct. 2317], which quotes in turn from *Jones* v. *United States* (1960) 362 U.S. 257, 271 [4 L.Ed.2d 697, 708, 80 S.Ct. 725, 78 A.L.R.2d 233] (first brackets by the *Terry* court, second brackets and omission by the *Gates* court); second quote from *United States* v. *Martinez* (9th Cir. 1978) 588 F.2d 1227, 1234; third quote from *United States* v. *Peacock* (9th Cir. 1985) 761 F.2d 1313, 1315, cert. den. (1985) 474 U.S. 847 [88 L.Ed.2d 114, 106 S.Ct. 139], omissions of citations by the *Terry* court; fourth quote from *United States* v. *Fannin* (9th Cir. 1987) 817 F.2d 1379, 1382; fifth quote from *United States* v. *Angulo-Lopez* (9th Cir. 1986) 791 F.2d 1394, 1399, brackets by the *Terry* court; sixth quote from *United States* v. *Damitz* (9th Cir. 1974) 495 F.2d 50, 55, italics deleted by the *Terry* court.

In the present case, the question of staleness depends on the significance of Hoffman's telephone conversation with Czibok. That conversation inferably occurred on September 14, 1988, four days after Bolin's arrest. Czibok told Hoffman that Bolin was in jail. Defendant explicitly asks us to presume that Czibok knew why Bolin was in jail. Defendant implicitly asks us to assume that Czibok also knew of any contraband which Bolin had at their residence, that Czibok had access to that contraband, that Czibok's presumed knowledge of the reason for Bolin's arrest would prompt him to expect the police to come looking for the contraband, and that this expectation would cause him to "get rid of Bolin's drugs, if any there were," to frustrate the efforts of the police. Notably, Hoffman's affidavit contains no facts which would support such a galaxy of assumptions, other than the fact that Czibok and Bolin shared an address. A more likely significance to Bolin's incarceration is that any contraband he kept at his home would remain there until his release.

■ Penal Code section 1534, subdivision (a) provides in part, "A [search] warrant executed within the 10-day period [after its issuance] shall be deemed to have been timely executed and no further showing of timeliness need be made." If a search warrant is served within 10 days of its issuance, and the warrant in the present case was, "the burden of showing a change in probable cause between issuance and execution [rests] on the party challenging the search." (*People* v. *Hernandez* (1974) 43 Cal.App.3d 581, 590 [118 Cal.Rptr. 53].) Defendant acknowledges this burden, but points to no evidence by means of which he claims to have met it.

The search warrant for 5082 Kenmore Drive, apartment 4, in Concord was not fatally stale. Hoffman's warrant in support of the affidavit did demonstrate probable cause for the search. The magistrate who issued the warrant, the magistrate who held defendant to answer, and the superior court judge who denied defendant's motions to suppress evidence and to set aside the information did not err.

"There is no need to reach the issue of whether the good faith exception to the Fourth Amendment exclusionary rule is applicable in light of our conclusion the magistrate properly determined there was sufficient probable cause to issue the search warrant." (*People* v. *Hansborough* (1988) 199 Cal.App.3d 579, 584-585 [245 Cal.Rptr. 115]; accord *U.S.* v. *Espinosa* (9th Cir. 1987) 827 F.2d 604, 610, fn. 3, cert. den. (1988) 485 U.S. 968 [99 L.Ed.2d 441, 108 S.Ct. 1243].)

We affirm the judgment (order granting probation).

Racanelli, P. J., and Newsom, J., concurred.