JOINER, Judge,
concurring in part and concurring in the result in part.
I concur in Parts II and III of the main opinion; I concur in the result in Parts I and IV.
With respect to Part I, Cabbie argues that the trial court should have suppressed the federal-wiretap evidence because, she says, Alabama’s criminal-eavesdropping statutes do not permit the admission of the wiretap-evidence in state court. (Cabbie’s brief, pp. 10-11.) Specifically, Cabbie asserts that
“[t]he Federal statute sets out minimum standards for electronic surveillance, and allows the states to enact their own statutes. However, the states may be more restrictive, but state regulations may not be more permissive.
“Alabama has adopted a law which allows recorded conversation between individuals as evidence only if one of the parties is aware of, and consents to, the recording of the conversation.”
(Cabbie’s brief, p. 10 (citations omitted).) The majority concludes as follows:
“By creating an exception in § 13A-11-30 in the definition of eavesdropping and permitting the collection of private communication ‘as otherwise provided by law,’ the legislature intended to permit the collection of electronic communication as provided for under federal law, including the lawful regulations for fed *867 eral wiretaps found in the Wiretap Act and the ECPA. Therefore, we do not agree with Cabbie’s contention that wiretapping is illegal in Alabama as ‘eavesdropping’ under § 13A-11-31, Ala. Code 1975.”
114 So.3d at 862. I disagree with the majority’s statement of the controlling issue as whether the use of a wiretap in this case is eavesdropping under Alabama law.
Title III of the Omnibus Crime Control and Safe Streets Act (“the Wiretap Act”), 18 U.S.C. §§ 2510-2521, allows an aggrieved person to move to suppress the contents of intercepted oral or wire communications, or evidence derived from such communications, obtained in violation of the statute. 18 U.S.C. § 2515. An aggrieved person may challenge the use of such evidence at trial on the grounds that:
“(i) the communication was unlawfully intercepted;
“(ii) the order of authorization or approval under which it was intercepted was insufficient on its face; or
“(iii) the interception was not made in conformity with the order of authorization or approval.”
18 U.S.C. § 2518(10)(a).
Cabbie appears to be arguing that, because the wiretap violated Alabama’s criminal-eavesdropping statutes, the wiretap evidence is inadmissible because it was communication that “was unlawfully intercepted.” Cabbie’s argument, however, is premised on her contention that Alabama’s criminal-eavesdropping statutes are controlling in our analysis; Alabama’s criminal-eavesdropping statutes are only controlling if — as envisioned by the Wiretap Act — it is state legislation governing the investigative interception of wire, oral, or electronic communications as allowed by the Wiretap Act. See United States v. Manon, 535 F.2d 697, 702 n. 9 (2d Cir. 1976) (“The [Wiretap Act] envisions that States would be free to adopt more restrictive legislation, or no legislation at all, but not less restrictive legislation.”).
As quoted in the majority opinion, however, the Commentary to § 13A-11-31, Ala.Code 1975, indicates that Alabama’s criminal-eavesdropping statutes recognize the scope of and defer to the Wiretap Act with respect to the investigative interception of wire, oral, or electronic communications. As such, Alabama’s criminal-eavesdropping statutes are preempted with respect to the investigative interception of wire, oral, or electronic communications. See State v. Rivers, 660 So.2d 1360, 1362 (Fla.1995) (“Congress preempted the field of the interception of wire communications under its power to regulate interstate communications.”).[4] Accordingly, because Alabama’s criminal-eavesdropping statutes are preempted ■with respect to investigative interception of wire, oral, or electronic communications, there was no violation of those statutes for the purpose of the Wiretap Act, and, thus, Cabbie’s argument fails.[5] It is *868 for this reason that I conclude that we need not address, unlike the majority, whether the wiretap in this matter constituted eavesdropping under Alabama law.
Finally, with respect to Part IV, I would hold that Cabbie has failed to provide sufficient legal authority in support of her argument and, thus, has failed to comply with Rule 28(a)(10), Ala. R.App. P.; accordingly, I would conclude that her argument is waived and I would not address, as the majority does, whether the order unsealing the wiretap documents was legally sufficient.

. See also United States v. Van Horn, 579 F.Supp. 804, 810 (D.Neb.1984) ("[I]t must be observed that the federal wiretap statute preempts state law pertaining to electronic surveillance. 18 U.S.C. § 2516(2); United States v. Tortorello, 480 F.2d 764, 772 (2d Cir.), cert. denied, 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed.2d 86 (1973); see Senate Report 1097, 90th Cong.2d Sess.1968, reprinted in U.S.Code Cong. & Admin.News 2112, 2180, 2187.”).

. In support of her argument that Alabama’s criminal-eavesdropping statutes prohibit the admission of wiretap evidence, Cabbie relies on People v. Jones, 30 Cal.App.3d 852, 106 Cal.Rptr. 749 (Cal.App.1973), and State v. Williams, 94 Wash.2d 531, 617 P.2d 1012 (Wash.1980). According to Cabbie, in Jones, “the Court of Appeals of California ruled information gathered from a federal wiretap was inadmissable in state court.” (Cabbie’s brief, p. 11.) In Jones, however, the Califor *868 nia criminal-eavesdropping statute in question included a provision, unlike Alabama's criminal-eavesdropping statutes, that explicitly prevented the admission of evidence obtained in violation of the eavesdropping statute. Jones, 30 Cal.App.3d at 855, 106 Cal. Rptr. 749; therefore, Jones is clearly distinguishable. Similarly, Cabbie relies on Williams for the proposition that "the Supreme Court of Washington held that wiretap evidence under [] federal law is not admissible in [s]tate courts.” (Cabbie’s brief, p. 12.) Like the decision in Jones, the decision in Williams was based on a state statute different from that in question in this case; specifically, the Williams decision was premised on Washington law that specifically addressed the admissibility of illegally obtained wiretap evidence. Williams, 94 Wash.2d at 540, 617 P.2d at 1018. Thus, Williams, too, is inappo-site.