Filed 3/12/26  P. v. Colbert CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DEREK JOSEPH COLBERT,<br><br>      Defendant and Appellant. | E083928<br><br>(Super.Ct.No. RIF1903203)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Samah Shouka, Judge.

Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Caelle Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Derek Joseph Colbert was charged with special circumstance murder for his part in an armed robbery, during which one of his confederates shot and killed the victim. The trial court granted a directed acquittal for defendant on the murder charge, and defendant pleaded guilty to robbery and admitted that a principal in the robbery was armed with a handgun. In his plea form, defendant indicated he did not waive his right to appeal. Defendant was sentenced to state prison for four years, to be released immediately for time served in pretrial custody. He timely appealed and requested a certificate of probable cause to challenge a pretrial order denying his request to exclude on constitutional grounds statements he made to undercover police officers, and the trial court issued the certificate.

On appeal, defendant concedes his guilty plea precludes him from challenging the ruling on the admissibility of his statements, and instead argues his plea was not knowingly and voluntarily made because the limited nature of his appeal rights was never explained to him. Because we find no prejudicial error, we affirm.

I.

PROCEDURAL BACKGROUND

In an information, the People charged defendant with one count of first degree murder (Pen. Code,[1] § 187) and alleged various special circumstances including murder for financial gain (§ 190.2, subd. (a)(1)), lying in wait (§ 190.2, subd. (a)(15)), and robbery homicide (§ 190.2, subd. (a)(17)(A)), and alleged defendant was armed with a

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

firearm during the commission of the offense (§ 12022, subd. (a)(1)).  The People elected not to seek the death penalty.

Before trial, the People moved in limine to admit statements defendant made to uncover police officers during a *Perkins* operation.[2]  Defendant in turn moved to exclude those statements as having been obtained in violation of his rights under the Fifth and Sixth Amendments to the United States Constitution.  After conducting an evidentiary hearing, the trial court ruled the statements were admissible and denied defendant's motion.

After the People had presented their case in chief, defendant moved for a directed acquittal, arguing, inter alia, he was not the actual shooter during the robbery, and he could not be found guilty of murder as an aider and abettor.  Over defendant's objection the People were given leave to file an amended information charging defendant with one additional count of second degree robbery (§ 211) and alleging a principal in the robbery was armed with a firearm (§ 12022, subd. (a)(1)).  The next day, the trial court granted defendant's motion for a directed acquittal on the charge of murder.  Counsel then informed the trial court that defendant wished to plead guilty to robbery, but the plea would be over counsel's objection and that counsel would not join in the plea.

In his plea form, defendant wrote his initials next to the advisement of trial rights he agreed to waive.  Defendant also initialed to indicate that "[a]ll the promises made to me are written on this form, stated in open court, or enumerated in documents filed with

---

[2]  In a "*Perkins* operation," a suspect is placed in a cell with an undercover agent, and their conversation is audio recorded.  (See *Illinois v. Perkins* (1990) 496 U.S. 292.)

3

the court," and that "[n]o one has made any threats to me or anyone close to me, or placed any pressure of any kind on me in order to make me plead guilty." Defendant indicated he had adequate time to discuss with his attorney the plea, his constitutional rights, "the consequences of any guilty plea, including any immigration consequences," and any defenses he might have to the charges against him. Relevant here, defendant initialed and indicated he did not waive "any right to appeal *that I may have*." (Italics added.) The form did not explain, however, what appeal rights he retained. Finally, defendant initialed and signed the form to indicate he agreed there was a factual basis for the charge and allegation to which he agreed to plead guilty and admit.

During the plea hearing conducted the same day, defendant informed the trial court he had personally initialed and signed the plea form. When the court asked, "Did you understand the rights explained to you *on this form*?," defendant answered, "Yes, I did." (Italics added.) When asked if he understood the consequences of his guilty plea as "explained to you on this form," and whether he had adequate time "to go over this form carefully with your attorneys," defendant replied, "Yes, I did." The trial court made no mention during the hearing of defendant's limited waiver of appeal rights or of the scope of the appeal rights he retained, and the court did not inquire whether counsel had discussed those issues with defendant before he signed the plea form.

Defendant informed the court he had no questions and agreed to "waive those rights and admit to violating the law." The court asked, "Your decision to do so, is that a decision you have reached of your own free will?" Defendant answered, "Yes, it is."

4

The court then asked, "In fact, according to [defense counsel], you're making this decision despite your attorney advising you not to do so; is that correct?" Defendant replied, "Yes." Finally, the court inquired, "And it is your decision. It is always a defendant's decision to plead or not plead. You can take the advice of counsel or choose to ignore the advice of counsel. It's lawful to do that. But I want to make sure that this is a willful, deliberate decision on your part that you've had an opportunity to think about and decide." Defendant answered, "It is." Defendant then pleaded guilty to robbery and admitted a principal was armed with a handgun during the robbery.

Addressing defendant's attorney, the court stated, "Court accepts the admission. I know you don't join in the plea. Is there any objection to what the Court has done so far?" Counsel replied, "No, your Honor." Counsel also indicated he had no objection to the waiver of formal arraignment or to proceeding immediately to sentencing. The court then sentenced defendant to state prison for four years, to be released forthwith with credit for time served in pretrial custody.

In a notice of appeal filed nine days later, defendant requested a certificate of probable cause. When specifying the "reasonable constitutional, jurisdictional, or other grounds going to the legality of the guilty plea" he sought to claim on appeal, defendant indicated he wished to challenge the trial court's denial of his motion to exclude the statements he had made during the *Perkins* operation. The trial court issued the certificate.

5

## II.

## DISCUSSION

As defendant concedes, it is settled law that a guilty plea waives any claim about the admissibility of evidence. "In essence, 'a guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] By pleading guilty a defendant "waive[s] any right to question how evidence had been obtained just as fully and effectively as he waive[s] any right to have his conviction reviewed on the merits." [Citation.]'" (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 405 (*Cisneros-Ramirez*).)

Section 1237.5 provides a defendant may appeal from a conviction based on a guilty plea only on grounds relating to the legality of the proceedings. (*People v. Palmer* (2013) 58 Cal.4th 110, 114.) "[F]iling a certificate [of probable cause] cannot expand the scope of review to include a noncognizable issue." (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.)

6

Negotiated pleas that result in the waiver of a defendant's appeal rights are "an accepted and integral part of our criminal justice system. [Citation.] Plea agreements benefit the criminal justice system by providing speed, economy and finality of judgments. [Citation.] Defendants also benefit from plea agreements by gaining concessions from the People. [Citation.] The benefits of a plea agreement would be eliminated if courts disallowed the waiver of the right of appeal to which the parties have agreed." (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1658 (*Vargas*).) Whether the defendant voluntarily waived their right to appeal is a question of law reviewed de novo. (*Id*. at p. 1660.) "To make this determination, we examine the particular facts and circumstances surrounding the case, including the defendant's background, experience and conduct." (*Ibid*.)

Here, defendant did not enter a general waiver of *all* his appeal rights and instead indicated he wished to retain whatever such rights he "may have." Therefore, the question is whether he understood the limited nature of what appeal rights he retained when he pleaded guilty. "'Waiver is ordinarily a question of fact. [Citation.]' It is defined as '[a]n intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver . . . must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and the conduct of the accused.'" (*Vargas*, *supra*, 13 Cal.App.4th at pp. 1661-1662.) "'[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived. [Citations.]' [Citation.] It

"'[i]s the intelligent relinquishment of a known right after knowledge of the facts." [Citation.]' [Citation.] The burden is on the party claiming the existence of the waiver to prove it by evidence that does not leave the matter to speculation, and doubtful cases will be resolved against a waiver. [Citation.] The right of appeal should not be considered waived or abandoned except where the record clearly establishes it." (*Id*. at p. 1662.)

Defendant argues the trial court had a duty to explain to him the limited nature of the appeal rights he retained, and, specifically, to explain that by pleading guilty defendant could not challenge the pretrial ruling on his motion to exclude his statements made during the *Perkins* operation. But in the cases he cites for this proposition, the defendants pleaded guilty on the express understanding they could appeal pretrial rulings, yet the trial court failed to correct that misunderstanding. (See, e.g., *People Meals* (1975) 49 Cal.App.3d 702, 708; *People v. Brown* (1971) 18 Cal.App.3d 1052, 1055.) Besides the mere fact defendant checked the box on his plea form to indicate he was not entering a general waiver of his appeal rights, nothing in the record indicates defendant was told by the trial court or by his counsel that he could appeal the pretrial evidentiary ruling. As noted, *ante*, the fact defendant declined to enter a general waiver of appeal rights was simply not discussed during the plea colloquy.

In any event, "[a] criminal defendant's right to appeal a conviction in California is purely statutory, as neither the federal nor the state Constitution provides such right." (*Cisneros-Ramirez*, *supra*, 29 Cal.App.5th at p. 399.) Therefore, even assuming the trial court erred by not properly advising defendant about the limited nature of the appeal

8

rights he retained after pleading guilty, we may only reverse the judgment on that plea if we conclude it was "'"reasonably probable"'" defendant would have fared better absent the error. (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 181, quoting *People v. Watson* (1956) 46 Cal.2d 818, 836; see Cal. Const., art VI, § 13.) "[T]he defendant bears the burden of showing that he or she would have acted differently"—i.e., *not* pleaded guilty—"had the error not occurred." (*Sivongxxay*, at p. 181.)

Nowhere in his brief does defendant expressly state he would not have pleaded guilty had he known he could not appeal the pretrial evidentiary ruling. The trial court had already dismissed the sole count of murder against defendant before he pleaded guilty, and it sentenced him to the middle term of three years for second degree robbery (§§ 211, 213, subd. (a)(2)) plus a one-year enhancement for defendant's admission that a principal in the robbery was armed with a firearm (§ 12022, subd. (a)(1)), for a total prison sentence of four years. Because defendant's credits for time in pretrial custody exceeded his sentence, the court ordered that he be immediately released. Had defendant not pleaded guilty and allowed the case to go to the jury, he would have potentially faced the same sentence and immediate release from custody had he been found guilty. The record does not demonstrate a reasonable probability defendant would have forgone pleading guilty had he been advised his guilty plea waived his right to appeal the pretrial evidentiary ruling.

III.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                    Acting P. J.


We concur:


MENETREZ
                        J.


LEE
                        J.

10